Gerry **HERRING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–86–131–CR.

Court of Appeals of Texas, Austin.

Aug. 12, 1987.

Rehearing Denied Oct. 14, 1987.
Discretionary Review Refused Dec. 9, 1987.

Kirby J. Roberts, Roberts & Roberts, Buchanan Dam, for appellant.

Sam Oatman, Dist. Atty., Lilli An Johnson, Asst. Dist. Atty., Llano, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

PER CURIAM.

A jury found appellant guilty of rape of a child and assessed punishment at imprisonment for seven years. Tex.Pen.Code Ann. § 21.09 (1974), as amended by 1975 Tex.Gen.Laws ch. 342, § 8 at 914, since repealed. This Court will affirm the judgment of conviction.

In his first point of error, appellant contends the trial court erroneously overruled his motion for new trial based on the State's failure to disclose prior to trial evidence material to the defense. The evidence to which appellant refers consists of four handwritten notes discovered at the school attended by the complaining witness. These notes, all of which appear to have been written by the same child, purport to describe the sexual activities of various students and staff members of the school. The notes were discovered over two and one-half years after the charged offense took place, and do not refer to the events on which this cause is based. Two of the notes accuse the complaining witness of sexual misconduct, while the other two do not mention her. One of the notes was found in the complaining witness' possession, while the other notes were found elsewhere at the school. There is no evidence to suggest that the notes were written by the complaining witness, or that the statements made in these notes are accurate.

█ The suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material either to guilt or punishment. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481, 494 (1985).

█ In his brief, appellant asserts, without supporting argument, that the notes were material to the credibility of the complaining witness. We cannot agree. Were there any evidence to suggest that the notes were written by the complaining witness, it might be argued that they reflect

on her credibility by demonstrating a propensity to accuse others of sexual misconduct. However, there is no evidence that the complaining witness wrote the notes. To the contrary, the notes appear to have been written by someone else, since two of the notes make accusations against the complaining witness. This Court finds that there is no reasonable probability that, had the notes been disclosed to the defense, the result of appellant's trial would have been different.

■ In his second point of error, appellant contends that the instruction on the law of parole mandated by Tex.Code Cr.P. Ann. art. 37.07, § 4 (Supp.1987) infringes on the authority of the Board of Pardons and Parole in violation of the constitutional separation of powers. Tex. Const.Ann. art. II, § 1 (1984). This contention was recently rejected by this Court in *Richardson v. State*, 733 S.W.2d 947 (Tex.App.—Austin, 1987).

■ Although not raised by appellant, the record discloses that the trial court erroneously gave the art. 37.07, § 4(a) parole instruction rather than the § 4(c) instruction applicable in this cause. As a result of this error, the jury was instructed that appellant would become eligible for parole after serving one-third of his sentence, without consideration of any good conduct time he might earn. In fact, appellant will become eligible for parole when the actual time he serves plus any good conduct time he might earn equals one-third of the sentence imposed. Otherwise, the § 4(a) instruction that was given is identical to the § 4(c) instruction that should have been given.

It is the opinion of this Court that this error was not so egregious as to deny appellant a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 160 (Tex. Cr.App.1985) (opinion on rehearing). The error was favorable to appellant in that the jury was led to believe that he would not become eligible for parole until after he had served a larger portion of his sentence than in fact is the case. In addition, the jury was instructed that eligibility for parole does not guarantee that parole will be

granted. The jury was also instructed not to consider the manner in which the parole law might be applied to appellant, and there is no evidence in the record that the jury did not understand or comply with this instruction. The parole law instruction was not mentioned in appellant's motion for new trial, and there is nothing in the record to indicate the effect, if any, the parole instruction had on the jury's deliberations as to punishment. We hold that the error in giving the § 4(a) instruction rather than the § 4(c) instruction has not been shown by this record to have denied appellant a fair and impartial trial.

The judgment of conviction is affirmed.