ORIGINAL  Thank You

Ralph JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00272–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 17, 1988.

Robert E. Hoskins, Galveston, for appellant.

Michael J. Guarino, Criminal Dist. Atty. Galveston County, for appellee.

Before DUGGAN, WARREN and LEVY, JJ.

DUGGAN, Justice.

A jury found appellant guilty of driving while intoxicated ("D.W.I."). The trial court assessed punishment at two years confinement and a fine of $100, granted the State's motion to cumulate sentence, and ordered sentence to begin when the sentence in a prior conviction ceased to operate. Appellant asserts four points of error.

Prior to the instant offense, appellant was convicted of D.W.I. and given a probated sentence in County Court at Law No. Two of Galveston County. The instant offense was used as the basis for the revocation of probation in the first conviction. An appeal of the revocation is currently pending in this Court under cause number 01–86–00978–CR, and we hereby take judicial notice of the record in that case.

In his first and second points of error, appellant contends that the use of the instant offense as a basis for the revocation of probation in the earlier conviction, precluded the subsequent prosecution of that offense because it constituted a relitigation of facts and a re-trial on the merits, and was thus barred by the doctrines of double jeopardy and collateral estoppel.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects an accused against being twice placed in jeopardy of punishment for "the same offense." *Ex parte Tarver*, 725 S.W.2d 195, 197 (Tex.Crim.App.1986).

The Court of Criminal Appeals has held that double jeopardy provisions of the Texas and the United States Constitutions do not apply where evidence used in a successful or unsuccessful attempt to revoke regular probation or deferred adjudication probation is subsequently used to prosecute the same defendant in a different case. *Ex parte Tarver*, 725 S.W.2d at 197; *Chambers v. State*, 700 S.W.2d 597, 599 (Tex. Crim.App.1985).

In the instant case, the punishment that appellant received at the revocation hearing was for his original D.W.I. offense. The punishment he received in the subsequent prosecution was for the second D.W.I. offense. Therefore, appellant was not twice placed in jeopardy for "the same offense."

While double jeopardy prohibits the successive prosecution of the crime itself, collateral estoppel forbids the government from relitigating certain facts in order to establish the fact of the crime. *Dedrick v. State,* 623 S.W.2d 332, 336 (Tex.Crim.App. 1981).

In *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970), the Supreme Court of the United States, in defining collateral estoppel, stated that when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

Appellant contends that the prosecution of his second D.W.I. was barred by the doctrine of collateral estoppel because the trial court made a valid fact finding on an issue of ultimate fact at his probation revocation hearing. To support his contention, he relies on *Ex parte Tarver,* 725 S.W.2d 195.

In that case, the court held, under the doctrine of collateral estoppel, that a fact finding at a probation revocation hearing that the defendant had *not* committed an offense precluded a subsequent criminal trial of the defendant based on the same offense. However, the court emphasized the narrowness of its holding when it stated, "[I]t is only in the particular circumstances of this case, where the trial court does make a specific finding of fact that the allegation is *not true,* that a fact has been established so as to bar relitigation of that same fact." *Id.* at 197 (emphasis added).

In the instant case, the trial court found the fact issue in favor of the State at the probation revocation hearing. There was no relitigation of the same fact issue in the sense that the State, having once failed to prove its validity, sought to do so again, as in *Ex parte Tarver.*

Furthermore, the Court of Criminal Appeals has held in other cases that collateral estoppel applies only when a defendant is "acquitted" of an ultimate fact issue in a prior proceeding. *See Joshlin v. State,* 488 S.W.2d 773, 776 (Tex.Crim.App.1972); *Bradley v. State,* 478 S.W.2d 527, 529 (Tex. Crim.App.1972).

Therefore, appellant's contentions that his subsequent prosecution was barred by the doctrines of double jeopardy and collateral estoppel are without merit. Appellant's first and second points of error are overruled.

In his third point of error, appellant contends that there was no evidence to support the trial court's cumulation order.

After the jury found appellant guilty, the trial court deferred punishment pending a pre-sentence investigation report. The report, which was made part of the record at a later hearing, noted the revocation of appellant's probation for a prior D.W.I. offense, and the fact that the revocation was on appeal.

The State filed a motion for consecutive sentencing. The judgment reflects that the trial court granted the State's motion, and ordered that sentence in the second offense begin when the judgment in the first offense ceased to operate.

Appellant claims that the cumulation order is invalid because the State did not offer proof of the prior conviction or evidence identifying him as the person previously convicted. He relies on *Turner v. State,* 733 S.W.2d 218 (Tex.Crim.App.1987), a similar case, in which the Court of Criminal Appeals set aside the trial court's cumulation order because of the State's failure to offer the same type of proof.

In *Turner,* the court held that, in order to support a motion for consecutive sentencing, the State must present record evidence of prior convictions and testimony identifying appellant as the person previously convicted. *Turner* further held that while the court of appeals may take judicial

notice of its own records in the same or related proceedings involving the same parties, it cannot look to the record of another case to remedy factual deficiency in the case before it. *Id.,* 733 S.W.2d at 223. Therefore, we cannot look to the revocation of probation pending before us to supply evidence of the prior conviction to support the trial court's cumulation order in the instant case.

A review of the record in this case reveals that the pre-sentence investigation report states, "[A]s a result of the cause for which the Pre–Sentence Investigation is being conducted, a two (2) year probation that was begun on *June 12, 1985* was revoked on December 5, 1986. The revocation is on appeal." Several pages later, under "Prior Criminal Record," the report notes that appellant was convicted on *June 26, 1985* of a D.W.I. offense, and given two years probation, which was revoked on December 5, 1986. The report does not contain copies of the judgment and sentence in that conviction. (Emphasis added.)

 The State concedes that a certified copy of the judgment in the prior conviction was not introduced in evidence, but argues that appellant's failure to object to the introduction of the pre-sentence investigation report amounted to an implied admission of the facts contained therein. We reject this contention. As the *Turner* court stated, it is the State's burden to present evidence, and the defendant need not object or present controverting proof that there was no conviction or that he was not the defendant in the prior conviction.

Next, the State argues that the cause number of the prior conviction appears in its motion for consecutive sentencing, its motion in limine, and in the trial court's judgment and docket sheets. However, the mere mention of a cause number does not amount to proof of a prior conviction.

Finally, the State notes that the pre-sentence investigation report was prepared by appellant's own probation officer, who had knowledge that appellant was one and the same as the person in the prior convic-

tion. However, *Turner v. State,* and the cases cited therein indicate that oral evidence or testimony is required to identify a defendant as the person previously convicted, unless the prior conviction occurred in the same court, in which case the trial court could judicially notice its own records. In the instant case, the prior conviction occurred in another court, and there was no testimony identifying appellant as the person previously convicted. Appellant's third point of error is sustained, the cumulation order is set aside, and the judgment is reformed to reflect a denial of the State's motion for consecutive sentencing.

In view of the disposition of the third point of error, it is not necessary to address appellant's fourth point of error regarding the validity of the cumulation order.

As reformed, the judgment is affirmed.