TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00621-CR







Brian Charles Stehling, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF COLLIN COUNTY


NO. 3-81846-92, HONORABLE JOHN O. BARRY, JUDGE PRESIDING








 Appellant Brian Charles Stehling was convicted in a jury trial of the misdemeanor
offense of driving a motor vehicle in a public place while intoxicated. Act of May 27, 1983, 68th
Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1575 (Tex. Rev. Civ. Stat. Ann. art.
6701l-1(b), since amended and codified at Tex. Penal Code Ann. § 49.04 (West 1994)). The jury
assessed appellant's punishment at confinement for eighteen months and a fine of $2,000.00. 
Appellant presents nine points of error in which he complains of (1) the prosecutor's jury
argument, (2) the admission in evidence of a redacted copy of his motion alleging double
jeopardy, (3) the denial of effective assistance of counsel, and (4) his deprivation of double
jeopardy protection. We will affirm the judgment.

 Department of Public Safety Trooper Kent Paluga stopped and arrested appellant
on United States Highway 75 at about 11:00 p.m., on April 26, 1992. Officer Paluga stopped
appellant for driving eighty-one miles an hour in a sixty-five-mile-an-hour zone, and for weaving out of his lane of traffic. Appellant could not perform several field sobriety tests, and he appeared
to Officer Paluga to be intoxicated. Two other officers observed appellant after his arrest and
testified that in their opinion appellant was intoxicated. Appellant did not testify, but he offered
the testimony of his friend and fellow salesman, Steve Hawkins. Earlier on the night of
appellant's arrest, Hawkins was with appellant from 5:45 p.m. until 10:45 p.m. During this time
the pair attended a concert, and appellant ate sandwiches and "consumed four beers." In
Hawkins's opinion, appellant was not intoxicated when they parted. On cross-examination,
Hawkins testified, without objection, about what appellant had told him concerning appellant's
arrest and detention.

 In his first point of error, appellant argues that at the guilt-innocence phase of his
trial the prosecutor impermissibly commented on appellant's failure to testify when she argued: 
"I have brought you all the evidence I have. This was a salesman. He tried to sell his bill of
goods through his friend to y'all." Appellant's objection that the prosecutor's argument was a
comment on appellant's failure to testify was overruled. Comments on a defendant's failure to
testify violate the right and privilege against self-incrimination granted by the federal and state
constitutions and a mandatory state statute. U.S. Const. amends. V, XIV; Tex. Const. art. I,
§ 10; Tex. Code Crim. Proc. Ann. art. 38.08 (West 1979). See Nickens v. State, 604 S.W.2d
101, 104 (Tex. Crim. App. 1980). In this instance, the prosecutor's argument is not a direct
comment on appellant's failure to testify. For an indirect statement to constitute a comment on
a defendant's failure to testify, the language of the statement must be either manifestly intended,
or of such character that the jury would naturally and necessarily take it to be a comment on the
defendant's failure to testify. Livingston v. State, 739 S.W.2d 311, 337 (Tex. Crim. App. 1987);
Scott v. State, 867 S.W.2d 148, 152 (Tex. App.--Austin 1993, no pet.). It is not sufficient that
the language might be construed as an implied or indirect allusion to a defendant's failure to
testify. Montoya v. State, 744 S.W.2d 15, 35 (Tex. Crim. App. 1987); Scott, 867 S.W.2d at 152. 
It is of no legal consequence that Hawkins's testimony to which the prosecutor referred was
elicited on cross-examination. There were no objections to the testimony; it was admissible. See
Mathes v. State, 765 S.W.2d 853, 856 (Tex. App.--Beaumont 1989, pet. ref'd). In a similar
situation in which a prosecutor commented on a witness's testimony concerning what a defendant
had told the witness about the commission of the offense, the Court of Criminal Appeals held the
argument was not a comment on the defendant's failure to testify. See Robison v. State, 888
S.W.2d 473, 489-90 (Tex. Crim. App. 1994).

 We conclude that the prosecutor's statement was not manifestly intended, or of such
character that the jury would naturally and necessarily take it to be a comment on the defendant's
failure to testify. That the language might be construed as an implied or indirect allusion to
appellant's failure to testify is not sufficient to require reversal. In this case the prosecutor's
statement on its face refers to the testimony of appellant's witness Hawkins, not to appellant's
failure to testify. Appellant's first point of error is overruled.

 Appellant consolidates for argument five points of error in which he asserts that
the trial court erred in admitting in evidence State's Exhibit Eleven, appellant's redacted double
jeopardy motion. He argues that the admission of this evidence denied him a fair trial when the
prosecutor argued that this evidence proved appellant had admitted his guilt, had admitted his
intoxication, and had admitted the charge in this case was true.

 When the appellant committed and was charged with the instant offense, he was
serving a term of probation for a driving while intoxicated conviction in Dallas County. A motion
to revoke probation in Dallas County was filed alleging that appellant had violated the terms of
probation by committing the instant offense in Collin County. Appellant entered a plea of true
in the revocation proceeding in Dallas County. The trial court in Dallas County did not revoke
probation, but instead imposed additional and more rigorous conditions of probation, including
incarceration in the county jail for thirty days. Prior to his trial in Collin County, appellant filed
a motion contending that his trial for the instant offense was double-jeopardy barred. He alleged
that he had already been punished for the instant offense because it had been alleged as the basis
for revocation in Dallas County and had resulted in the imposition of the more harsh conditions
of probation in Dallas County. The double jeopardy motion was, of course, overruled.

 The prosecutor offered and the trial court admitted in evidence State's Exhibit
Eleven, a redacted copy of the double jeopardy motion, which reads:



NO. 3-81846-92 



STATE OF TEXAS §  IN THE COUNTY COURT


VS. §  AT LAW NO. 3 OF


BRIAN CHARLES STEHLING §  COLLIN COUNTY, TEXAS



MOTION



TO THE HONORABLE JUDGE OF SAID COURT:


 Comes now BRIAN CHARLES STEHLING, Defendant in the above
cause,



"That Defendant has violated the following


"(1) COMMIT NO OFFENSE AGAINST THE LAWS OF THIS OR ANY OTHER
STATE OR THE UNITED STATES:

(On or about the 25th day of April, 1992, in Collin County,
Texas, Brian C. Stehling did then and there drive and operate
a motor vehicle in a public place in Collin County, Texas, to-wit: a street or highway while intoxicated, in that the
defendant did not have the normal use of his mental and
physical faculties by reason of the introduction of alcohol
into defendant's body.)"


Your Defendant will show that on October 9, 1992, he pled true to
the allegations


 Respectfully submitted,


 /s/ John T. McCully 

 JOHN T. MC CULLY

 State Bar No. 13509000


 ATTORNEY FOR DEFENDANT


I, BRIAN CHARLES STEHLING, having been duly sworn, upon oath, state
that all the facts set out in the foregoing special plea are true.



 /s/ Brian Charles Stehling 

 BRIAN CHARLES STEHLING, Defendant


STATE OF TEXAS  §


COUNTY OF DALLAS §


 SWORN TO AND SUBSCRIBED BEFORE ME by the said BRIAN CHARLES
STEHLING, on this the 2nd day of March, 1993.



 /s/ Myrna Ehlers 

 Notary Public, State of Texas 


 

 On several occasions during final argument, the prosecutor characterized Exhibit
Eleven as a confession or admission of appellant's guilt. Appellant argues that "[t]he gross
disfigurement of Appellant's 'Motion' improperly offered and relied on by the State as a
confession, was patently unfair and wrong." Appellant's double jeopardy motion before redaction
also included a statement that "I was charged with Driving while intoxicated in Collin County on
April 26, 1992." Therefore, appellant continues to argue that he did not admit he was guilty of
committing the Collin County offense. However, appellant concedes that: "For some reason, in
the sworn 'Motion' is an assertion that appellant pleaded 'true' in Dallas County to committing
the Collin County offense."

 Appellant insists that even if Exhibit Eleven reflects a "confession," Rule 410 of
the Texas Rules of Criminal Evidence prohibits the admission of pleas that are later withdrawn,
as this one was by virtue of the Dallas prosecutor having withdrawn his motion to revoke. 
Appellant forgets that it was not the withdrawn motion in Dallas County that was admitted in
evidence in this case. The portion of the motion admitted was appellant's motion urging double
jeopardy in Collin County. In the double jeopardy motion appellant had incorporated the
allegations of the Dallas County motion to revoke probation.

 It was appellant who unilaterally, intending it for his benefit, filed the double
jeopardy pleading. It was not a part of a negotiated plea of guilty or nolo contendere such as that
contemplated by Rule 410. Therefore, that rule does not apply. See Abdel-Sater v. State, 852
S.W.2d 671, 673 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd); 1 Steven Goode, Olin Guy
Wellborn III & M. Michael Sharlot, Guide to Texas Rules of Evidence: Civil and Criminal,
§ 410.1 et. seq. (Texas Practice 2d ed. 1993).

 If the pleading were admissible, the State could redact and introduce any portion
of the pleading. The appellant, if he desired, was free to offer any other part of the document. 
Tex. R. Crim. Evid. 106. Appellant offers no reasons other than his "t'aint fair" argument to
show that State's Exhibit Eleven was inadmissible. The redacted pleading admitted in evidence
was an admission of guilt--strong evidence that appellant committed the offense charged. It was
probative and relevant. Tex. R. Crim. Evid. 401, 402. It was not excludable on special grounds. 
Tex. R. Crim. Evid. 403. Appellant's own statements made in a filed pleading were admissible
as admissions by a party-opponent. Tex. R. Crim. Evid. 801(e)(2)(A); see Bell v. State, 877
S.W.2d 21, 24 (Tex. App.--Dallas 1994, pet. ref'd); McDuffie v. State, 854 S.W.2d 195, 209
(Tex. App.--Beaumont 1993, pet. ref'd). Because the exhibit was properly admitted in evidence
the prosecutor properly and legitimately argued based on this evidence. Points of error two,
three, four, five, and six are overruled.

 In his seventh point of error, appellant urges that the prosecutor improperly
bolstered the testimony of the arresting officer by arguing "If he [Officer Paluga] gets up here and
lies, it could be perjury and he could lose his job." It is impermissible to attempt to bolster the
credibility of a witness by unsworn testimony. Menefee v. State, 614 S.W.2d 167, 168 (Tex.
Crim. App. 1981). However, a prosecutor may answer argument of opposing counsel. Gaddis
v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); Alejandro v. State, 493 S.W.2d 230, 231
(Tex. Crim. App. 1973).

 Appellant's counsel argued:



 Let's talk about Corporal Paluga. He came in and testified from a report. 
Another officer came in and testified from the report made by Corporal Paluga,
another Texas Highway Patrol.


 Another officer came in, the Sheriff's deputy came in, and he testified from
notes that he made that Paluga told him to make because Paluga said, you're going
to be called on to testify.


 Well, now, how did Paluga know that?

Paluga's -- according to his testimony, he's filed 1,000 to 1,500 DWI's, and only
testified 20 times. How did he know this was going to be -- going to be called
upon to testify?


 I'll tell you how he knew, 'cause he had a weak case. Had a very weak
case.


* * * * *



 Now, everything that happened at the scene, the failing of the tests, the
failing to turn, all this you have to take Paluga's word for it. You just have to take
Corporal Paluga's word for it, because, you see, that night, dadgummit, that little
camera on that patrol car wasn't working that night. Isn't that a shame? So,
dadgummit, we just have to take your word for it.


* * * * *



 I submit to you that he, Mr. Stehling, and Corporal Paluga had a
personality conflict at the scene. I believe that. And Corporal Paluga, now, he's
trying to, you know, protect his arrest. He made an arrest. He's trying to protect
his arrest.


 He's got these other officers coming in and saying, yeah, they saw this,
they saw that.


* * * * *



 So, now, Corporal Paluga kind of deprived y'all of a little evidence there. 
He didn't want to take a breath test.


* * * * *



 Trooper Paluga did indeed offer and told him he wouldn't -- no matter
what, he wasn't going to get -- he wasn't getting off. Okay.



 We conclude that the complained-of prosecutor's argument was a legitimate
argument responding to appellant's counsel's argument. The prosecutor's argument was invited. 
No error is presented. Harkey v. State, 785 S.W.2d 876, 881-82 (Tex. App.--Austin 1990, no
pet.); see also Sosa v. State, 841 S.W.2d 912, 916 (Tex. App.--Houston [1st Dist.] 1992, no pet.);
Wartel v. State, 830 S.W.2d 757, 761-62 (Tex. App.--Houston [1st Dist.] 1992, no pet.). 
Appellant's seventh point of error is overruled.

 In point of error eight, appellant argues that he was denied effective assistance of
counsel "should this Court conclude that Appellant failed properly to object to the errors raised
in points of error Two through Seven." Because we have not overruled any of these points of
error on the basis of counsel's failure to object, appellant's point of error eight is without merit
and is overruled.

 In his ninth point of error, appellant asserts that his prosecution violates
constitutional prohibitions against double jeopardy and that the trial court erred in overruling his
jeopardy motion because the conduct for which he was convicted had previously been the basis
for severe punishment in the Dallas County revocation proceeding. The Court of Criminal
Appeals has held that the double jeopardy provisions of the Texas and the United States
constitutions are not offended when evidence used in a successful or unsuccessful attempt to
revoke "regular" probation or deferred adjudication probation is later used to prosecute the
defendant in a different case. Chambers v. State, 700 S.W.2d 597, 599 (Tex. Crim. App. 1985);
see Ex parte Tarver, 725 S.W.2d 195, 197 (Tex. Crim. App. 1986); Davenport v. State, 574
S.W.2d 73, 75 (Tex. Crim. App. 1978); State v. Nash, 817 S.W.2d 837, 840 (Tex.
App.--Amarillo 1991, no pet.); Johnson v. State, 749 S.W.2d 513, 514 (Tex. App.--Houston [1st
Dist.] 1988, no pet.). Appellant's point of error nine is overruled.


 The trial court's judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 30, 1995

Do Not Publish










* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).