**Eugene ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–96–00412–CR.

Court of Appeals of Texas, San Antonio.

Aug. 27, 1997.

Discretionary Review Refused Nov. 19, 1997.

Jacquelyn L. Snyder, San Antonio, for Appellant.

Barbara Hervey, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before LÓPEZ, STONE and GREEN, JJ.

STONE, Justice.

A jury convicted the appellant, Eugene Allen, of aggravated assault and found the affirmative use of a deadly weapon. The trial court sentenced him to nine years confinement plus a $1,000 fine to run consecutively with two prior sentences. In four points of error, Allen challenges the jury's parole instruction, the trial court's cumulation order, and his trial counsel's effectiveness. We reform the judgment to delete the cumulation order and affirm the modified judgment.

## Parole Instruction

In his third point of error, Allen maintains the trial court erred by submitting the parole instruction without a proper predicate. We disagree.

In noncapital cases, article 37.07 of the Texas Code of Criminal Procedure requires the trial court to give one of three instructions informing the jury about the effect of good conduct time and parole eligibility. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4 (Vernon Supp.1997). The appropriate instruction is determined by the type of offense the defendant was found guilty of committing and whether the jury answered the deadly weapon issue affirmatively or negatively. *See id.* For example, section 4(a)

applies when the jury makes an affirmative deadly weapon finding or the offense is murder, capital murder, indecency with a child, aggravated kidnapping, aggravated sexual assault, or aggravated robbery. *Id.* § 4(a); TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1) (Vernon Supp.1997). Under section 4(a), the jury is informed the defendant is not eligible for parole until the actual time served equals the lesser of one-half the sentence or 30 years, without consideration of good conduct time. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.1997).[1] The parole instruction is mandatory, and an erroneous instruction is subject to harm analysis. *See Abdnor v. State,* 871 S.W.2d 726, 731–32 (Tex.Crim.App.1994); *Ramos v. State,* 831 S.W.2d 10, 17 (Tex.App.—El Paso 1992, pet. ref'd).

■ In this case, without objection, the jury received both the deadly weapon issue and the parole instruction during the punishment phase of trial. Allen contends the trial court erred in submitting the section 4(a) instruction in this manner because, at the time the instruction was submitted, there was no affirmative finding of a deadly weapon and he was not convicted of any offense to which section 4(a) applies. While article 37.07 implicitly requires the jury to answer the deadly weapon issue before the penalty phase of trial, it is not error to submit the issue at the penalty phase. *Hill v. State,* 913 S.W.2d 581, 586 (Tex.Crim.App.1996) (recommending but not requiring the issue to be given at the guilt/innocence phase). Thus, it is not error to submit the parole instruction at the same time. *See id.* Finding no error in the trial court's parole instruction, we overrule Allen's third point of error.[2]

## Cumulation Order

In his first point of error, Allen relies on *Turner v. State,* 733 S.W.2d 218 (Tex.Crim. App.1987), to argue the cumulation order is void because it fails to identify him as the person previously convicted. We agree.

■ We review Allen's complaint with the abuse of discretion standard. *See Minor v. State,* 653 S.W.2d 349, 350 (Tex.App.—San Antonio 1983, no pet.); TEX.CODE OF CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp.1997). A trial court abuses its discretion when it applies an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion. *Du-Bose v. State,* 915 S.W.2d 493, 497–98 (Tex. Crim.App.1996).

In *Turner,* the trial court "stacked" its sentence on a prior sentence from a different court, although there was no record evidence of the prior conviction, no testimony identifying the defendant as the person previously convicted, and no admission or stipulation by the defendant. *Turner,* 733 S.W.2d at 218, 221. Furthermore, the trial court could not take judicial notice of the other court's sentence. *Id.* at 223. In finding error, the Court of Criminal Appeals noted that, even if proper judicial notice could have been taken, "there was no evidence identifying appellant as the person … previously convicted." *Id.* at 223; *see also Montgomery v. State,* 876 S.W.2d 414, 415–16 (Tex.App.—Austin 1994, writ ref'd) (presentence investigation report plus defendant's statement that report was accurate supported cumulation order); *Johnson v. State,* 749 S.W.2d 513, 516 (Tex.App.—Houston [1st Dist.] 1988, no pet.) (presen-

---

1. In contrast, under section 4(b), the jury is informed the defendant is not eligible for parole until the actual time served plus good conduct time equals the lesser of one-fourth the sentence or 15 years. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(b) (Vernon Supp.1997). Under section 4(c), the jury is informed the defendant is not eligible for parole until the actual time served plus good time equals one-fourth the sentence. *Id.*

2. The parole instruction is designed to increase sentences. *Arnold v. State,* 786 S.W.2d 295, 300 (Tex.Crim.App.1990). Even if the trial court

erred in giving the instruction, the error was favorable to Allen because the jury would have thought he would have to serve more time before becoming eligible for parole. *See Nixon v. State,* 940 S.W.2d 687, 693 (Tex.App.—El Paso 1996, pet. filed) (harmless error in giving instruction under section 4(a) rather than section 4(b)); *Herring v. State,* 738 S.W.2d 18, 20 (Tex.App.—Austin 1987, pet. ref'd, untimely filed) (harmless error in giving instruction under section 4(a) rather than section 4(c)).

**928**

tence investigation report alone did not support cumulation order).

During the punishment phase of trial, the State admitted into evidence, without objection, certified copies of judgments naming Allen as the defendant in two prior convictions. While several witnesses testified about Allen's character, there was no testimony that Allen was the same individual as the person previously convicted. After the jury returned its verdict, the State moved to cumulate the sentence in this case with the sentences in the prior cases.[3] Allen opposed the motion but stated there was no legal reason why sentence could not be imposed. The trial court ordered the sentences "stacked" or cumulated.

The State first argues Allen waived error by failing to object to the admission of the certified judgments. In the context of a motion to cumulate, however, the appellant is under no duty to object or present controverting proof. *LaPorte v. State,* 840 S.W.2d 412, 415 (Tex.Crim.App.1992); *Johnson,* 749 S.W.2d at 516. Additionally, by stating that no legal reason existed for not imposing sentence, Allen did not admit or stipulate to the prior convictions. *See Resanovich v. State,* 906 S.W.2d 40, 42 (Tex.Crim.App.1995); *Borders v. State,* 846 S.W.2d 834, 835–36 (Tex. Crim.App.1992).

Secondly, the State argues Allen was adequately identified in the certified judgments, which refer to him by name. However, to prove a defendant is the person previously convicted when using certified copies of judgments to obtain a cumulation order, the State must offer expert testimony comparing the defendant's fingerprints with known fingerprints. *See Daniel v. State,* 585 S.W.2d 688, 690–91 (Tex.Crim.App.1979) (also describing other acceptable identification methods); *Menefee v. State,* 928 S.W.2d 274, 278 (Tex.App.—Tyler 1996, no pet.). In this case, the State admitted only the certified judgment.

Because Allen was insufficiently identified, the trial court abused its discretion in granting the cumulation order. Accordingly, we sustain Allen's first point of error. The proper remedy, therefore, is to reform the judgment to delete the cumulation order. *Robbins v. State,* 914 S.W.2d 582, 584 & n. 1 (Tex.Crim.App.1996) (distinguishing *Ex parte Sims,* 868 S.W.2d 803 (Tex.Crim.App.1993), where the court remanded the cause for a new trial because consecutive sentences were part of a negotiated plea bargain).

**Conclusion**

The cumulation order is set aside, and the judgment is reformed to reflect a denial of the State's motion for consecutive sentencing. Thus, Allen will serve his sentences concurrently. In light of this disposition, it is unnecessary to address Allen's remaining points of error regarding the specificity of the cumulation order and the effectiveness of trial counsel. As modified, the judgment is affirmed.

3. The prior convictions for possession of cocaine were appealed, but the appeals were dismissed for lack of jurisdiction. *Allen v. State,* No. 04–95–00801–CR (Tex.App.—San Antonio, Jan.24, 1996, no pet.) (not designated for publication) (trial court number 93–CR–0815); *Allen v. State,* No. 04–95–00800–CR (Tex.App.—San Antonio, Jan.31, 1996, no pet.) (not designated for publication) (trial court number 94–CR–4247).