In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00089-CR
______________________________


DANIEL RAY SILER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 03F0677-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Daniel Ray Siler appeals from his conviction on his open plea of no contest to a charge of
engaging in organized criminal activity. In a companion case, he also appeals from his conviction
for money laundering—also based on an open plea of no contest. Shortly before his conviction in
these two cases, Siler pled guilty in the United States District Court for conspiracy to possess with
intent to distribute marihuana, and the federal judge sentenced him to seventy-one months'
confinement. The state trial court sentenced him to seven years for the organized crime charge and 
five years for money laundering. The state court ordered those two sentences to run concurrently,
but consecutive to the federal sentence.
            Siler's attorney has filed an appellate brief in which she concludes, after a review of the
record and the related law, the appeal is frivolous and without merit. She summarized pretrial and
trial activities in her brief. The brief contains a professional evaluation of the record and contains
five points of error that arguably support reversal. This meets the requirements of Anders v.
California, 386 U.S. 738 (1967).



            Counsel provided a copy of her brief to Siler December 30, 2004, and Siler was also provided
with a copy of the record. On April 4, 2005, Siler filed a pro se response to his counsel's Anders
brief. The State has not filed a response.
            Counsel raises five arguable issues.
            Counsel first argues that the sentence cumulation is invalid because the oral pronouncement



of sentence contains none—and the trial court's judgment includes only some—of the elements that
the Texas Court of Criminal Appeals has recommended be present in an order cumulating sentences. 
See Young v. State, 579 S.W.2d 10 (Tex. Crim. App. 1979). But, though that court has listed five
elements that should go into a cumulation order—(1) the trial court case number of the prior
 conviction,  (2)  the correct  name  of  the  trial  court  in  which  the  prior  conviction  was
rendered, (3) the date of the prior conviction, (4) the length of the prior sentence, and (5) the nature
of the prior conviction—it has characterized them as only recommendations, not requirements. 
Williams, 675 S.W.2d at 763–64; Faison v. State, 59 S.W.3d 230, 238 (Tex. App.—Tyler 2001, pet.
ref'd). A cumulation order is valid if it describes the prior convictions sufficiently "to give notice
both to the defendant and to the Department of Corrections exactly which sentences the instant
sentence is cumulated with." Williams, 675 S.W.2d at 764. In this case, the cause number of the
prior conviction and the trial court from which it came are specified in the order. In Williams, the
court found a cumulation order which sets out the cause number and the correct name of the trial
court rendering the prior conviction is sufficient. Error has not been shown.
            Counsel also argues that the plea of no contest was involuntary because Siler was not warned 
there was a possibility that the sentences might be stacked on his federal sentence. If a plea
agreement had been in place involving this situation, then Siler might be entitled to relief. See
McFadden v. State, 544 S.W.2d 159 (Tex. Crim. App. 1976); Thi Van Le v. Perkins, 700 S.W.2d
768, 774 (Tex. App.—Austin 1985, orig. proceeding), mand. denied, Perkins v. Third Court of
Appeals, 738 S.W.2d 276 (Tex. 1987). But a trial court is not obligated to inform an accused
pleading guilty or nolo contendere of its discretion to cumulate sentences when admonishing him
or her of the consequences of a plea. Simmons v. State, 457 S.W.2d 281, 283 (Tex. Crim. App.
1970); see Eubanks v. State, 599 S.W.2d 815, 816 (Tex. Crim. App. 1980). Error has not been
shown.
            Counsel also argues that the trial court abused its discretion by cumulating the state sentences
with the federal sentence. The decision regarding whether a sentence will run concurrently or
consecutively is within the discretion of the trial court. Tex. Code Crim. Proc. Ann. art. 42.08
(Vernon Supp. 2004—2005); Edwards v. State, 106 S.W.3d 833, 845 (Tex. App.—Dallas 2003, pet.
ref'd). A trial court abuses its discretion when it applies an erroneous legal standard or when no
reasonable view of the record supports the trial court's conclusion under the correct law and facts
viewed in the light most favorable to its legal conclusion. DuBose v. State, 915 S.W.2d 493, 497–98
(Tex. Crim. App. 1996), overruled on other grounds, Guzman v. State, 955 S.W.2d 85, 90 (Tex.
Crim. App. 1997). Effectively, in this context, in the absence of a clear violation of law, a trial court
has absolute discretion to cumulate sentences. Smith v. State, 575 S.W.2d 41 (Tex. Crim. App.
1979); Nicholas v. State, 56 S.W.3d 760, 764 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). 
There was evidence before the trial court about the type of crime involved, its effect, and Siler's role
as a facilitator for the activity. We cannot say that the court acted without reference to the law in
reaching its conclusion.
            Counsel also argues that the trial court abused its discretion by admitting audiotapes into
evidence during the sentencing proceeding. She articulates no reason for those audiotapes to have
been excluded, and none is apparent.
            Counsel also argues that Siler did not receive effective assistance of counsel at trial. She
reviewed the actions taken by trial counsel preparing for the sentencing hearing and points out that
a motion was filed by the State to cumulate (or stack) the state sentences onto the federal sentence,
noting Siler's assertion that an objection should have been filed to this motion. Applying the usual
standards under Strickland,


 we recognize that ineffective assistance can only rarely (if ever) be
shown solely by the record of the trial.


 It is not shown by this record. The appellate record does
not mention any discussion, much less any agreement, about whether the sentences would be
concurrent or consecutive. With the record before us, we cannot foreclose the possibility that trial
counsel had a reason for his actions at or before the sentencing hearing. We therefore cannot find
ineffective assistance based on this record, and any further review of this matter is necessarily for
the Texas Court of Criminal Appeals through post-conviction habeas corpus proceedings, if any.



            Siler, in his response to counsel's Anders brief, raises a number of issues. Many of those are
disposed of by our discussions of the propriety of the cumulation order.
            Siler also, however, argues that the cumulation order is void because the evidence was
insufficient to identify him as the person previously convicted. We disagree.
            The general rule is that a cumulation order is void if the State fails to properly identify a
defendant as the person previously convicted and thus subject to cumulated sentences. Turner v.
State, 733 S.W.2d 218, 221 (Tex. Crim. App. 1987). In Turner, no record evidence of the prior
conviction was offered, there was no testimony identifying the appellant as the person previously
convicted, and there were no admissions, stipulations, or facts of which judicial notice was taken
supplying the needed information. See id.
            When the State seeks to prove a defendant is the person previously convicted by using
certified copies of judgments, ordinarily expert testimony is needed to compare the defendant's
fingerprints  with  known  fingerprints.  See  Allen  v.  State,  951  S.W.2d  925,  928  (Tex.
App.—San Antonio 1997, pet. ref'd). But there are a number of ways that have been explicitly
approved to establish that the defendant is the person previously convicted:
(1) [t]estimony of a witness who personally knows the defendant and the fact of his
prior conviction and identifies him . . . ; (2) [s]tipulation or judicial admission of the
defendant that he has been so convicted . . . ; (3) [i]ntroduction of certified copies of
the judgment and sentence and record of the Texas Department of Corrections or a
county jail including fingerprints of the accused supported by expert testimony
identifying them with known prints of the defendant . . . ; and (4) [c]omparison by
the fact finder of a record of conviction which contains photographs and a detailed
physical description of the named person, with the appearance of the defendant,
present in court.
Timberlake v. State, 711 S.W.2d 50, 51–52 (Tex. Crim. App. 1986) (quoting from Daniel v. State,
585 S.W.2d 688, 690–91 (Tex. Crim. App. 1979)).
            Siler's identity was sufficiently established. In a trial exhibit, Siler stipulated 
that Daniel Ray Siler was indicted in the United States District Court for the Eastern
District of Texas for the charge of Conspiracy to Distribute Marijuana [and t]hat he
pled guilty to that charge and on May 7th, 2004, was sentenced to 71 months in
federal prison by Judge David Folsom.
            During sentencing , the State also introduced a judgment and sentence from the United States
District Court for the Eastern District of Texas. That proved that the federal court found Siler guilty
of conspiracy to possess, with intent to distribute, marihuana. That judgment imposes a sentence of
seventy-one months.
            Texas Department of Public Safety officer Todd Martin also testified at the sentencing
proceeding that he had been investigating Siler and knew that, as a result of the investigation, federal
charges were filed as well as state charges. Martin also testified he was present in federal court when
Siler pled guilty to conspiracy to possess, with intent to distribute, marihuana and was sentenced by
the federal court to seventy-one months' confinement. Also in the record is an extensive discussion
about the nature of Siler's crimes, how they came to light, and the extent of the investigation that
resulted in Siler's arrest.
            Unlike the situations in Turner and Allen, this does not involve merely a sentence with no
identification. There is additional evidence in the form of Siler's own stipulation, which is buttressed
by Martin's testimony. In the light of the evidence showing that the Daniel Ray Siler in this
proceeding was the Daniel Ray Siler who was previously sentenced in federal court, we hold that the
cumulation order survives this argument by Siler.
            Beyond the above-discussed issues, however, Siler contends the plea proceedings between
this case and the federal prosecution were so intertwined as to constitute a single action, and thus
cumulation would be improper. The record does not address this matter in any regard, and we cannot
rule based on speculation.
            Siler also argues that the trial judge was disqualified because he was a person interested in
the case. None of Siler's allegations on this point are supported by the record. Accordingly, those
contentions are likewise not adequately before us.
            Siler further argues that the trial court erred by failing to follow a plea agreement and by
failing to compel the State to abide by the agreement. As mentioned above, the record affirmatively
shows that no plea agreement existed and that an open plea was accepted.
            Siler also contends the trial court erred by sentencing him without first obtaining a
presentence investigative (PSI) report under Article 42.12, Section 9(i) of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(i) (Vernon Supp. 2004–2005). 
That section explains the type of information that must be provided in a PSI report when a defendant
appears to have a mental impairment, as observed by the trial court or on suggestion of a party. The
language quoted by Siler in his brief, and on which he relies as showing that a PSI is mandatory if
mental impairment is observed, is no longer in the statute.


 The provision in effect at the time of
Siler's trial no longer makes a PSI report mandatory in that circumstance:
A presentence investigation conducted on any defendant convicted of a felony
offense who appears to the judge through its own observation or on suggestion of a
party to have a mental impairment shall include a psychological evaluation which
determines, at a minimum, the defendant's IQ and adaptive behavior score. The
results of the evaluation shall be included in the report to the court as required by
Subsection (a) of this section.

Id. The effect of the amendment was to remove language indicating a PSI "shall be" prepared when
a felony offender appears to suffer from mental impairment. The revised language provides that, if
the trial court in its discretion orders a PSI report to be prepared, the report must contain a
psychological evaluation of the defendant if said defendant has exhibited mental impairment. 
Holloman v. State, 942 S.W.2d 773, 776 (Tex. App.—Beaumont 1997, no pet.). Further, the right
to have a PSI report prepared before sentencing in a felony case can be forfeited by inaction. Id.;
Wright v. State, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd).


 Therefore, for both of
these reasons, the trial court did not err in sentencing Siler without previously having a PSI report
prepared.
            Siler also argues the trial court erred by failing to grant him a hearing on his motion for new
trial and denying the motion. A defendant is entitled to a hearing on his or her motion for new trial,
and a trial court abuses its discretion by failing to hold a hearing, if the motion raises matters which
are not determinable from the record and on which relief may be available. Reyes v. State, 849
S.W.2d 812, 816 (Tex. Crim. App. 1993); Callahan v. State, 937 S.W.2d 553, 560 (Tex.
App.—Texarkana 1996, no pet.). In this case, the grounds raised are connected with the present
argument that there was a plea agreement that should have been honored by the State and that
counsel was ineffective for failing to object to its absence. This is, however, directly contrary to
Siler's own statements at the plea proceeding that he was pleading no contest in an open plea. The
trial court questioned Siler extensively about this intention, and ultimately the trial judge left the
courtroom for several minutes so that Siler and trial counsel could confer about the dangers of Siler's
proposed course of action. In the written admonishments, language that would have run all
sentences concurrently was struck out and replaced with the phrase "Open Plea." There was
considerable discussion about the plea, and the trial court specifically asked Siler if he understood
that there was no plea agreement and that he was therefore exposed to the entire punishment range. 
Under these facts, the trial court did not err by failing to conduct a hearing on the motion for new
trial.
            We have reviewed the record. We agree with appellate counsel that there is no reversible
error in this case and that the arguable issues raised are not meritorious. We therefore grant her
motion to withdraw as counsel.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          June 6, 2005
Date Decided:             August 16, 2005

Do Not Publish