In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-448 CR


____________________



WILLIAM RONALD HOLLANDER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 05-02-01436 CR







MEMORANDUM OPINION


 William Ronald Hollander appeals his conviction and thirty-year sentence for burglary
of a habitation. See Tex. Pen. Code Ann. § 30.02 (Vernon 2003). (1) He attacks the
sufficiency of the evidence to support the conviction, and he asserts the trial court gave an
erroneous jury instruction in the punishment phase of the trial. We affirm.

 In a legal sufficiency challenge, an appellate court reviews all the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Ross v. State, 133 S.W.3d
618, 620 (Tex. Crim. App. 2004)(citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560 (1979)). In a factual sufficiency review, an appellate court determines
whether, considering all the evidence in a neutral light, the evidence is so weak that the
verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Id. (citing Zuniga v.
State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004)). 

 Maria Barcenas testified she awoke one morning to the sound of a loud vehicle. From
her bedroom window she saw an older model red Chevrolet truck pass by twice; the pickup
then backed into the driveway of the vacant mobile home at 606 Adkins in Conroe, Texas. 
Barcenas called 911. She was unable to see the license plate number on the truck. She saw
a man get out of the passenger-side of the truck, go around the back of the mobile home, and
then exit the front door of the mobile home with a refrigerator. She watched the driver help
load the refrigerator onto the bed of the truck. 

 Officer Jackie Everitt of the Conroe Police Department responded to a dispatch call
about a burglary in progress and he obtained a report from Barcenas. He observed that both
the front and back doors of the mobile home were unlocked. Approximately ten minutes
after he arrived at the scene, he heard over the radio that the suspect vehicle had been
stopped. 

 Officer Michael Stowe of the Conroe Police Department stopped a red truck less than
half a mile from where the burglary occurred. Hollander was the driver and owner of the
truck. There was no refrigerator on the truck, but the truck bed contained a liquid substance
and grass similar to that at the scene of the burglary. On the truck's rear bumper were fresh
footprints. 

 Officer Sharon King of the Conroe Police Department arrived as a back-up officer at
the mobile home. She took Barcenas to the location of the stopped vehicle. Barcenas
identified Hollander and the other suspect as the men who removed the refrigerator from the
mobile home, and she identified the truck. 

 Detective Joseph Ferraro with the Conroe Police Department found the refrigerator
in front of a drug dealer's house in an area where it was common for items to be traded for
drugs. This was also the area where Officer Stowe stopped Hollander's truck. No
fingerprints were found on the refrigerator. 

 The State introduced into evidence Lillian Niederhoffer's receipt proving her
ownership of the refrigerator. Niederhoffer testified she owned the mobile home at 606
Adkins. She did not know Hollander and she had not given him permission to enter the
home or remove the refrigerator. 

 Testifying for the defense, Hollander's mother, Bernice Murray, explained that around
the time of the alleged burglary Hollander was building bulkheads and laying grass and
working for Murray's boyfriend. Murray did not recall exactly what month Hollander did
this work, but she testified the truck was used to transport sod. She did not know the
passenger suspect. She identified Hollander's truck as the same truck depicted in pictures
taken by the officers. 

 Hollander argues the evidence is insufficient because he says "it cannot be concluded
that a rational trier of fact was justified in finding, beyond a reasonable doubt, that . . . the
mobile home at 606 Adkins was a 'habitation.'" Tex. Pen. Code Ann. § 30.01(1) defines
"habitation" as "a structure or vehicle that is adapted for the overnight accommodation of
persons . . . ." Tex. Pen. Code Ann. § 30.01(1) (Vernon 2003). In Blankenship v. State, the
Texas Court of Criminal Appeals explained that "adapted" means "suitable." 780 S.W.2d
198, 209 (Tex. Crim. App. 1989). The Court defined "suitable" as follows:

 What makes a structure "suitable" or "not suitable" for overnight
accommodation is a complex, subjective factual question fit for a jury's
determination. Their inquiry could be guided by reference to whether
someone was using the structure or vehicle as a residence at the time of the
offense; whether the structure or vehicle contained bedding, furniture, utilities,
or other belongings common to a residential structure; and whether the
structure is of such a character that it was probably intended to accommodate
persons overnight (e.g. house, apartment, condominium, sleeping car, mobile
home, house trailer). All of these factors are relevant; none are essential or
necessarily dispositive.


 The determination whether a burglarized place is a "building" or "habitation"
will be overturned on appeal only if the appellant can show that no reasonable
trier of fact could have found the place to have been a habitation under the
criteria above.


Id. at 209-10. 

 Niederhoffer described the mobile home at 606 Adkins as "a residential home." She
testified she did not live in the house but owned it as rental property. No one occupied the
house at the time of the burglary, because Niederhoffer was remodeling and cleaning it with
the intent of renting it again. The house had no furniture but did contain "hook-ups" for
water and electricity. Niederhoffer could not remember the last time the property was rented
or whether at the time of the burglary there was "electricity in the house" or if the "water was
turned on." She testified if someone brought in a bed and other belongings, the home would
be habitable. Based on Niederhoffer's description, a jury could have determined the mobile
home was a "habitation." 

 We conclude the evidence is legally and factually sufficient to support the conviction. 
A reasonable trier of fact could have found, beyond a reasonable doubt, the essential
elements of the offense, including the habitation element. Further, the evidence supporting
the guilty verdict, and in particular the "habitation" element, is not so weak that the verdict
is clearly wrong or manifestly unjust, and the contrary evidence is not so strong that the
standard of proof beyond a reasonable doubt has not been met. 

 In his third issue, Hollander asserts the trial court submitted an erroneous jury
instruction on parole law in the punishment phase. Hollander argues the trial court
erroneously gave the parole instruction in section 4(a) of article 37.07 rather than the
instruction in section 4(b). See Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a),(b) (Vernon
2006). Section 4(b) would have instructed the jury that Hollander would have to serve the
lesser of one-fourth of the sentence or fifteen years, rather than the lesser of one-half of the
sentence or thirty years as provided in section 4(a). 

 Article 37.07 requires the trial court to provide the jury with one of three instructions
regarding parole eligibility in noncapital cases. See id. § 4. The type of offense determines
the appropriate instruction. See id. Section 4(b) provides in part that when a jury is
assessing punishment and a prior conviction has been alleged for enhancement of
punishment, as provided by section 12.42(b),(c), or (d) of the Texas Penal Code, the court
is to include in the charge an instruction that "if the defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until the actual time served plus any
good conduct time earned equals one-fourth of the sentence imposed or 15 years, whichever
is less." Id. § 4(b); see Tex. Pen. Code Ann. § 12.42(b),(c),(d) (Vernon Supp. 2006). 
Section 4(a) does not apply in this case, because burglary of a habitation is not an offense
under section 3g(a)(1) of article 42.12 of the Code of Criminal Procedure, and the judgment
does not contain an affirmative finding under section 3g(a)(2). See Tex. Code Crim. Proc.
Ann. art. 37.07, § 4(a); Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (Vernon Supp. 2006). 
Because Hollander was charged with burglary of a habitation enhanced under section
12.42(d) of the Penal Code, the section 4(b) instruction is the appropriate one. The trial
court's instruction, which includes both the section 4(a) and (b) options, is erroneous. 

 The Texas Court of Criminal Appeals has set forth the standard of review for an
erroneous jury charge as follows:

 An erroneous . . . jury charge . . . does not result in automatic reversal of a
conviction. [Tex. Code Crim. Proc. Ann.] art. 36.19 prescribes the manner
of appellate review for jury charge error. When reviewing charge errors, an
appellate court must undertake a two-step review: first, the court must
determine whether error actually exists in the charge, and second, the court
must determine whether sufficient harm resulted from the error to require
reversal . . . . The standard to determine whether sufficient harm resulted from
the charging error to require reversal depends upon whether appellant
objected. Where there has been a timely objection made at trial, an appellate
court will search only for "some harm." By contrast, where the error is urged
for the first time on appeal, a reviewing court will search for "egregious harm."


Abdnor v. State, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994) (citing Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. (1984))(other citations and footnote omitted). 
Because Hollander did not object at trial to the instruction, we must determine whether the
instruction caused "egregious harm." See Abdnor, 871 S.W.2d at 732. As part of alternative
instructions, the jury was instructed Hollander would not be eligible for parole until after he
had served a greater portion of his sentence than in fact is the case. See Allen v. State, 951
S.W.2d 925, 927 n.2 (Tex. App.--San Antonio 1997, pet. ref'd); Nixon v. State, 940 S.W.2d
687, 690 n. 2 (Tex. App.--El Paso 1996, pet. ref'd); Herring v. State, 738 S.W.2d 18, 20
(Tex. App.--Austin 1987, pet ref'd). We do not see how this instruction would have resulted
in the jury's assessing a greater sentence than would otherwise have been assessed under the
circumstances in this case. The trial court also included a statutorily mandated instruction
that the jury was "not to consider the manner in which the parole law may be applied to this
particular defendant." We conclude the charging error did not result in "egregious harm." 
Hollander's third issue is overruled. 

 The trial court's judgment is affirmed. 

 AFFIRMED.

 ___________________________________

 DAVID GAULTNEY

 Justice

Submitted on June 1, 2006

Opinion Delivered September 13, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Tex. Pen. Code Ann. § 30.02 entitled "Burglary" provides in part as follows:

 (a) A person commits an offense if, without the effective consent of the
owner, the person:

 (1) enters a habitation, or a building (or any portion of a building) not
then open to the public, with intent to commit a felony, theft, or an
assault; or 

 (2) remains concealed, with intent to commit a felony, theft, or an
assault, in a building or habitation; or 

 (3) enters a building or habitation and commits or attempts to commit
a felony, theft, or an assault. 


Tex. Pen. Code Ann. §30.02(a) (Vernon 2003).