NO. 07-06-0135-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2007

______________________________

DENNIS DEWAYNE IVY, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 316
TH
 DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 9381; HON. JOHN W. LAGRONE, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Dennis Dewayne Ivy was convicted of six counts of sexual assault of a child.  In contending those convictions should be reversed, he sets forth three issues in which he claims:  1) the trial court improperly allowed evidence to be read to the jury during its deliberations, 2) he received ineffective assistance of counsel because counsel failed to object to the trial court’s response to the jury’s request to be read certain evidence, and 3) he received ineffective assistance of counsel because counsel failed to object to the admission into evidence of a certified foreign judgment used to enhance his punishment.  We affirm the judgment of the trial court. 

Issues 1 and 2 - Jury Note and Ineffective Assistance

In his first issue, appellant contends the trial court erred in allowing certain evidence to be read to the jury during its deliberations at the guilt/innocence phase.  In his second, he asserts that trial counsel rendered ineffective assistance since he did not object to the trial court’s reading of such evidence.  We overrule both issues.

According to the record, the following note was sent out by the jury:

In regards to count number 5, on or about the 24
th
 the juror’s [sic] are in conflict as to whether or not the vibrator ever made penetration.  We would request court record on this count.

The requested evidence was provided to the jury without objection by either party.

If a jury disagrees as to the statement of any witness, it may have read to it from the court reporter’s notes that part of the testimony in dispute.  
Tex. Code Crim. Proc. Ann. 
art. 36.28 (Vernon 2006).  While a simple request for testimony is insufficient to trigger the opportunity, 
Howell v. State, 
175 S.W.3d 786, 790 (Tex. Crim. App. 2005), the trial court may in its discretion infer the existence of the requisite disagreement from circumstances before it.  
Id. 
at 792.  Moreover, it is not necessary for the jury to use the words “disagree” or “disagreement” when propounding a question to the court and in satisfying the elements of art. 36.28.  
Id. 
at 792-93.  

Here, the jury informed the trial court that there existed a “conflict as to” a certain factual matter.  As the old cliche goes, “it takes two to tango.”  In other words, logic dictates that for there to be a “conflict” at least two jurors must have disagreed about an evidentiary matter or, at least, the record before us allowed the trial court to so reasonably infer.  Given that, 
its decision to read the testimony to the jury was not an abuse of discretion.

Next, since the trial court acted properly in reading the testimony, defense counsel had no basis to object to the decision.  So, remaining silent did not render his conduct deficient. 

 
Issue 3 - Ineffective Assistance of Counsel - Admission of Foreign Judgment

Finally, appellant argues that his counsel was deficient because he should have objected to the admission of an Arkansas judgment during the punishment phase since there was an insufficient showing that appellant was the subject of that judgment.  We overrule the issue.  

Here, the State proffered the testimony of David O’Dell Hagler, a probation officer in Hutchinson County.  Hagler testified that appellant had been convicted in Arkansas, identified a certified copy of the Arkansas judgment memorializing that conviction, and acknowledged to being asked to supervise appellant’s probation arising from that conviction while appellant was in Texas.  So too did he state that he actually served as appellant’s probation officer as requested and that appellant was the individual “involved” in the Arkansas judgment.  This dialogue has been held sufficient to establish that the defendant and the person named in the prior judgment were one and the same.  
See Baustista v. State, 
642 S.W.2d 233, 237 (Tex.  App.–Houston [14
th
 Dist.] 1982, pet. ref’d, untimely filed) (involving the testimony of a parole officer).  Given this, the trial court did not abuse its discretion in admitting the judgment; nor did defense counsel act deficiently in failing to object to the lawful decision. 

   

Accordingly, the judgment of the trial court is affirmed. 

Brian Quinn

          Chief Justice

Do not publish.