Jesse BAUTISTA, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–81–696CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 15, 1982.

Discretionary Review Refused Dec. 8, 1982.

James Blackstock, Angleton, for appellant.

Jim Mapel, Angleton, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for murder. At trial before a jury appellant was found guilty of the offense and assessed a punishment of life imprisonment in the Texas Department of Corrections. We affirm.

On December 8, 1979, Herman Martinez was shot to death at his home in Alvin, Texas. On December 8, 1981, trial commenced on appellant's plea of not guilty and evidence was heard with regard to the victim's dying declaration and appellant's confession after hearing outside the presence of the jury to determine the admissibility of both. Both were submitted to the jury after having been found admissible by the Court. Accordingly, the Court filed its finding of fact and conclusions of law with respect to the confession. Upon this evidence the jury found appellant guilty of murder. At the punishment stage there was testimony from a parole officer from the State of Utah identifying appellant as the same person as the person he supervised as a parolee in two Utah felony convictions, and the properly attested judgments and sentences of those convictions were admit-

ted to prove the prior felony convictions of appellant.

By his first ground of error appellant contends the trial court erred in failing to grant appellant's timely motion for mistrial. Appellant alleges that the jury argument of the prosecution was prejudicial because it contradicted the court's charge and instructions to the jury concerning the law of parties, which law was excluded from the charge.

Toward the end of the trial, appellant had the investigating officer identify two co-defendants in this case, whereupon questioning revealed that both had already been tried. It was undisputed that the victim had been shot only twice. Near the end of his argument appellant's attorney stated:

> But two bullets were fired by two different people, and two people have already been tried in this case. You saw them [co-defendants] right there at the door. Now, I submit to you that justice has already been done in this case...

At the beginning of his argument the prosecutor responded:

> ... he asked you to look into what another jury did because two people have been found guilty, that that must mean those were the two people that did it. Do you remember I explained to you parties that went through the bank robber thing? I ...
>
> Mr. Shaw: Object to this argument because that is not in the charge. The judge did not charge on the law.

This sole reference to the law of parties was in reference to prosecutor's voir dire examination where he briefly explained the culpability of parties, using a bank robbery example; however, the law of parties was excluded from the charge, and appellant's objection that the argument was on law not in the charge was sustained with instruction stating: "... disregard any argument by the lawyers that refers to law that is not covered in the Court's charge to the jury." Appellant's motion for mistrial was then overruled.

■ Prosecutor's argument did not contradict the charge by his reference to the law of parties. "Error in argument does not lie in going beyond the court's charge, but lies in stating law contrary to same." *Singleton v. State,* 479 S.W.2d 672 (Tex.Cr. App.1972); *Daywood v. State,* 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952).

■ The complained of argument, which was interrupted in mid-sentence, was never finished. In *Nickens v. State,* 604 S.W.2d 101 (Tex.Cr.App.1980), a comment directed toward appellant's failure to testify, interrupted in midsentence, was held to be harmless error. The court held that the language used taken in the context in which it was made, was not manifestly intended, or of such character, that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. The same reasoning applies to the instant case. The interrupted comments, taken in context, coupled with the instructions to the jury, did not result in any prejudice to the defendant. The prosecutor's references to the trials of the two co-defendants, and the fact that deceased was struck by only two bullets, were responses to appellant's statements. Appellant's comments indicated: that only two shots were fired; that there had already been two trials; and that justice had already been done. Prosecutor's comments were invited, and therefore proper. Defendant is not entitled to complain of argument which was invited by the defendant's argument. *Allen v. State,* 513 S.W.2d 556 (Tex.Cr.App.1974); *Mays v. State,* 428 S.W.2d 325 (Tex.Cr.App.1968). Appellant's first ground of error is overruled.

By his second ground of error, appellant contends that the trial court erred in admitting appellant's alleged confession into evidence due to it's involuntariness. Appellant complains the Honorable G.E. Webb, Justice of the Peace of Precinct Three, Brazoria County, erroneously informed appellant that he was accused of a capital offense, and that the arresting officer's allusions to the death penalty lead to an involuntary confession.

■ The justice of the peace did not err in charging appellant with a capital offense. Tex.Code Crim.Pro.Ann. Art. 15.17(a) (Vernon Supp.1982) states:

"The magistrate shall inform in clear language the person arrested of the accusation against him ..."

A police report indicated Martinez was shot during an argument over money that Martinez allegedly owed appellant. When Martinez stated he could not pay the debt at this time, appellant indicated he needed money now (having just come down from Utah). Therefore, this investigation pointed toward a murder apparently committed in the course of robbery, hence the accusation of a capital offense under Penal Code § 19.03(a)(2) and (b) was proper.

The appellant would have this court believe that allusions to the death penalty lead to coercion of his confession. Appellant himself testified that the confession was self-serving, and that allusions to the death penalty did not have *direct* affect on his submission of his confession.

Prosecutor: Mr. Bautista, isn't it a fact that you wanted to tell Larry Jackson [investigating officer] about what had gone on because you wanted to tell him that you didn't know anybody was g[o]ing to be shot when you got in that trailer house?

Bautista: Yes sir.

Prosecutor: And weren't you very ready or willing to tell him all about what happened in that house?

Bautista: I was.

\* \* \* \* \* \*

Prosecutor: And you wanted this put before the courts or wherever to show that you didn't fire the shot; is that not correct?

Bautista: Yes sir. Actually I wanted them to know I didn't kill the guy.

Prosecutor: So, you're not telling this court that Sgt. Jackson made you, forced you to sign the confession or did anything to get you to sign a confession? You wanted this known, did you not?

Bautista: I'm saying that I—as far as I understand, I might've wanted—*subconsciously,* I *might've* been a *little* afraid of the death penalty, too. Perhaps I wanted to give out information, ... [emphasis added.]

■ At a hearing as to voluntariness of a confession the trial court is the sole judge of the credibility of the witnesses. *Moon v. State,* 607 S.W.2d 569 (Tex.Cr.App.1980); *Myre v. State,* 545 S.W.2d 820 (Tex.Cr.App. 1977); *Mckittrick v. State,* 541 S.W.2d 177 (Tex.Cr.App.1976); *Aranda v. State,* 506 S.W.2d 221 (Tex.Cr.App.1974). The trial court heard the conflicting evidence and found that the confession was freely and voluntarily made and was admissible as a matter of law and fact. Since the court's finding that the confession was voluntarily given is well supported by the evidence, this ground of error is overruled.

■ By his third ground of error, appellant complains that, during the punishment stage of the trial, there was insufficient evidence in the record to establish that appellant was the same person named in and present in court on the dates mentioned in certified copies of two State of Utah judgments, sentences, and commitments to the Utah State Prison. The evidence was offered to show the prior felony convictions of appellant: Patrick Lambert gave testimony identifying himself as a parole officer for the Utah State Division of Corrections. After identifying the defendant as Jesse Bautista, Lambert further identified the Utah judgments and appellant as the man who reported to him under those judgments.

Appellant cites *Daniel v. State,* 585 S.W.2d 688 (Tex.Cr.App.1979) as specifying the ways whereby the prosecution may prove convictions constituting a defendant's prior criminal record. There the court stated:

This Court has approved several different means by which it may be proved that a defendant is the person previously convicted. They *include:* (1) Testimony of a witness who personally knows the defendant and the fact of his prior con-

viction and identifies him; *Ward v. State,* 505 S.W.2d 832 (Tex.Cr.App.1974); *Jones v. State,* 500 S.W.2d 661 (Tex.Cr.App. 1973); *Vasquez v. State,* 491 S.W.2d 173 (Tex.Cr.App.1974); See also *Smith v. State,* 489 S.W.2d 920 (Tex.Cr.App.1973); and *Cain v. State,* 468 S.W.2d 856 (Tex. Cr.App.1971); (2) Stipulation or judicial admission of the defendant that he has been so convicted; *Garza v. State,* 548 S.W.2d 55 (Tex.Cr.App.1977); *Bolin v. State,* 475 S.W.2d 241 (Tex.Cr.App.1971); *Blake v. State,* 468 S.W.2d 400 (Tex.Cr. App.1971); See also *Smith v. State, supra,* (3) Introduction of certified copies of the judgment and sentence and record of the Texas Department of Corrections or a county jail including fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant; *Rios v. State,* 557 S.W.2d 87 (Tex.Cr.App.1977); *Bullard v. State,* 548 S.W.2d 13 (Tex.Cr.App.1977); *Alverez v. State,* 536 S.W.2d 357 (Tex.Cr.App. 1976); *Blake v. State, supra; Cleveland v. State,* 493 S.W.2d 145 (Tex.Cr.App. 1973); *Babcock v. State,* 473 S.W.2d 941 (Tex.Cr.App.1971); *Vessels v. State,* 432 S.W.2d 108 (Tex.Cr.App.1968); See also *Smith v. State, supra,* and *Cain v. State, supra,* and (4) Comparison by the fact finder of a record of conviction which contains photographs and a detailed physical description of the named person, with the appearance of the defendant, present in court. *Gollin v. State,* 554 S.W.2d 683 (Tex.Cr.App.1977). (Emphasis added)

There is no language to support that these are the only means to prove a prior conviction. The court predicates the series with the word *include.* This would not lead to a suggestion that this is an exclusive listing of the ways to prove a prior conviction.

The instant case, nevertheless, satisfies *Daniel v. State, supra:* "(1) Testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him." The court cited *Jones v. State, supra,* as authority for said first enumerated means of proof of prior conviction. There, testimony of an assistant district attorney that he was not prosecutor in, but was familiar with the prior trial of the defendant, and that the defendant was the person who appeared in court in connection with a motion to revoke probation which bore the same cause number as the judgment and conviction in the previous case, was independently sufficient to prove that the defendant was the person who had been convicted in the previous case. The facts in the instant case are strikingly similar. Here, although the parole officer was not present at the previous trial, the defendant reported to him under the Utah judgments. There would be no self-serving reason for the defendant to admit himself to parole under the previous cases unless he was the convicted defendant thereunder. The parole procedure which was Officer Lambert's link to the previous cases was similar to the connection of the assistant district attorney by the probation revocation proceedings as to a previous case in *Jones v. State, supra,* in that in both instances the defendant responded to procedural matters originating from a previous case. The evidence is, therefore, sufficient to establish that appellant was the same person named in the prior Utah judgments. Accordingly, appellant's third ground of error is also overruled.

In addition to the brief filed by counsel for appellant, appellant has filed a pro se supplemental brief. There is no right to hybrid representation in Texas. *Rudd v. State,* 616 S.W.2d 623 (Tex.Cr.App. 1981). Appellant's pro se brief present nothing for review. We have, however, examined the contentions asserted therein and find no error that should be considered in the interest of justice.

The conviction is affirmed.