**Norman Edward TIMBERLAKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 497–84.**

Court of Criminal Appeals of Texas, En Banc.

June 11, 1986.

John B. Henderson, Jr., Cameron, for appellant.

Charles E. Lance, County Atty., Cameron, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of aggravated kidnapping and sentenced to ten years' incarceration in the Texas Department of Corrections.

The Austin Court of Appeals, in an unpublished opinion, affirmed appellant's conviction holding that the evidence presented at the punishment phase of trial was sufficient to prove that appellant was the same person who had been previously convicted in Harris County for the offense of aggravated robbery. Alternatively, the Court of Appeals held that, even if the introduction of the copy of the judgment and sentence in the prior case had been error, it was harmless because punishment was assessed by the trial judge who is presumed to ignore inadmissible evidence[1] and was "near the low end of the range" of punishments authorized for a conviction for aggravated kidnapping. *Timberlake v. State*, No. 3–83–152–CR (Tex.App.—Austin, delivered March 7, 1984). We granted appellant's petition for discretionary review in order to review the holding of the Court of Appeals.

▪ During the penalty phase of appellant's trial a copy of a judgment and sentence resulting from a previous conviction was introduced into evidence over appellant's objection. The judgment convicted "Norman Edward Timberlake" of aggravated robbery and sentenced him to ten years' imprisonment. The judgment was signed on March 15, 1983.

In order to prove that the prior conviction pertained to appellant the State called John Brooks, chief deputy sheriff of Milam County. Deputy Brooks testified that he traveled to Harris County to pick up appellant from the sheriff's department in Harris County pursuant to a bench warrant issued by the district court of Milam County on October 30, 1982. On that date, prior to picking up appellant, Deputy Brooks received a detainer signed by a deputy sheriff of Harris County with the notation "Reference: Timberlake, Norman." Apparently appellant was returned to the authorities in Harris County and Deputy Brooks, pursuant to a subsequent bench warrant issued March 30, 1983, again went to Harris County to pick up appellant. It was at this time that Deputy Brooks obtained a copy of the judgment and sentnece at issue in the instant case.

At trial Deputy Brooks identified the copy of the judgment and sentence as those documents received in Harris County while he was there on the later bench warrant to transport appellant to Milam County. He also identified appellant as the person he picked up in Harris County.

The Austin Court of Appeals found this evidence sufficient to prove that appellant was the same person who had been previously convicted in Harris County. We do not agree.

In *Daniel v. State*, 585 S.W.2d 688 (Tex. Cr.App.1979), the Court stated:

This Court has approved several different means by which it may be proved that a defendant is the person previously convicted. They include: (1) testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him; (citations omitted); (2) stipulation or judicial admission of the defendant that he has been so convicted; (citations omitted); (3) Introduction of certified copies of the judgment and sentence and record of the

1. Our review of the record indicates that punishment was assessed by the jury and the presumption used by the Court of Appeals is inapplicable.

Texas Department of Corrections or a county jail *including* fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant; (citations omitted); and (4) Comparison by the fact finder of a record of conviction which contains photographs and a detailed physical description of the named person, with the appearance of the defendant, present in court. (citations omitted).

*Daniel,* supra, at 690–691.

Clearly, the list in *Daniel,* supra, was not meant to be exhaustive. However, the facts of each case must contain reliable evidence showing that the defendant had been previously convicted of the offense for which evidence is offered. The instant case simply does not contain such evidence.

While Deputy Brooks no doubt knew appellant as the one he picked up in Harris County, there is no evidence to show whether or not he knew that appellant was the same person previously convicted in Harris County as evidenced by the judgment and sentence in question. Deputy Brooks' actions were restricted to the following: he went to Harris County in order to pick up appellant, he received a detainer from the Sheriff's Department of Harris County, he received a judgment and sentence in a Harris County case relating to someone named Norman Edward Timberlake, and he received appellant. This in no way shows personal knowledge on the part of Deputy Brooks that appellant was convicted in Harris County of the offense listed in the judgment and sentence.

The State relies on *Bautista v. State,* 642 S.W.2d 233 (Tex.App.—Houston [14 Dist] 1982) and *Jones v. State,* 500 S.W.2d 661 (Tex.Cr.App.1973). Both cases are significantly different from the instant case. In *Bautista,* supra, a parole officer testified that the defendant regularly reported to him in connection with the prior conviction. The Court of Appeals held the parole officer's testimony that the defendant reported to him sufficient to prove the defendant's prior conviction because, although the parole officer was not present at the previous

trial, "[T]here would be no self-serving reason for the defendant to admit himself to parole under the previous case unless he was the convicted defendant thereunder." *Bautista,* supra, at 237. The instant case contains no such act on the part of appellant which would constitute an admission that he was the subject of the Harris County conviction.

In *Jones,* supra, an assistant district attorney familiar with the defendant's previous trial testified that it was indeed the defendant who had been previously convicted. The instant case contained no testimony from any individual involved with and thus familiar with the previous conviction.

Because the State totally failed to establish appellant's identity with respect to the offered previous conviction the judgment and sentence were inadmissible. *Mullins v. State,* 492 S.W.2d 277 (Tex.Cr.App.1973).

■ The Court of Appeals held that, even if the admission of the judgment and sentence was error, it was harmless. This conclusion was based on their belief that the court assessed punishment and the punishment so assessed was relatively low. However, the record reflects that punishment was assessed, not by the court, but by a jury. Thus, the presumption that the court ignores inadmissible evidence is inapplicable. Further, appellant was assessed ten years' imprisonment. The jury was instructed that the proper punishment range for aggravated kidnapping was from two to twenty years. We cannot agree with the Court of Appeals' characterization of this punishment as "low." The State introduced no other evidence of appellant's prior criminal record.

As was pointed out by this Court in *Morgan v. State,* 515 S.W.2d 278 (Tex.Cr.App.1974), the very purpose of introducing evidence of prior criminal record under Art. 37.07, V.A.C.C.P., is to encourage the jury to assess a greater punishment. Considering that the punishment assessed was not low in relation to the possible penalty range, that the Court of Appeals rested its judgment on the mistaken belief that pun-

ishment was assessed by the trial court, that the entire purpose of admitting the prior criminal record was to encourage a greater sentence, and that the State produced no other evidence at the penalty phase of trial, we are unable to say that there is not a reasonable possibility that the improperly admitted evidence contributed to the number of years assessed as punishment by the jury. *Maynard v. State*, 685 S.W.2d 60 (Tex.Cr.App.1985).

Although the error relates to the penalty phase of trial only, the jury, and not the trial court assessed it. Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded to the trial court for a new trial.