

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00060-CR

ANTHONY RAY JONES                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Anthony Ray Jones appeals his conviction for unlawful possession of a firearm by a felon. In three points, Jones challenges the sufficiency of the evidence to support his conviction and the habitual offender allegation contained in the indictment. We will affirm.

## II. BACKGROUND

---

[1]See Tex. R. App. P. 47.4.

Peep-N-Tom's is an adult-entertainment establishment in Arlington, Texas. It is located in a high-crime area, and it has a license to sell alcohol. Arlington police officers Blaine Smith and Matt Johnson were foot-patrolling the area around 2:00 a.m. on May 11, 2009, when they saw a four-door vehicle with its headlights and running lights on, parked adjacent to Peep-N-Tom's. Smith noticed it was occupied. As Smith approached the vehicle from the driver's side, he could see the vehicle was occupied "by one individual who had a black handgun in plain view in his lap." Johnson saw the gun as well. As Johnson took "lethal cover" over Jones, Smith directed Jones to put his hands on the steering wheel as he opened the car door. Smith then took the pistol, handed it to Johnson, and handcuffed and placed Jones under arrest.

Smith called in a second unit. Officer Phillip Williams responded to the call and arrived after Smith and Johnson had taken Jones into custody. According to Williams, Jones explained to him how the gun came to be in his lap:

> [H]e stated that he and his friend [were] inside of the club and they got into some type of verbal altercation. He said he got his keys from his friend and went outside to his friend's car so he could charge his cell phone.
>
> He later stated that when he got in there, he found a gun, placed the gun on his lap, and that's when [Smith and Johnson] came to the scene. Then he also stated that he felt like he may have been set up by his friend because he said as soon as he was in the car, that [Smith and Johnson] arrived.

Williams said that Jones had been drinking, that he was "rambling," and that he had offered up an explanation for having the gun in his lap without having been

questioned.  Jones stipulated that he had been convicted of felony possession of a controlled substance on November 5, 2004.  The jury found Jones guilty, and after a punishment hearing, the jury assessed punishment at 55 years' confinement.  This appeal followed.

### III. DISCUSSION

### A.    State's Exhibit Twelve

In his first point, Jones argues that the trial court erred by overruling his objection to the admission, during the punishment phase, of State's exhibit twelve.  Specifically, Jones argues that there is no evidence linking him to the felony convictions found in State's exhibit twelve, a pen packet, and that it should not have been allowed into evidence to establish that he had been convicted of the prior offenses detailed in the exhibit.  We disagree.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction.  *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986) ("It is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted."); *see also Timberlake v. State*, 711 S.W.2d 50, 52 (Tex. Crim. App. 1986) ("[T]he facts of each case must contain reliable evidence showing that the defendant had been previously convicted of the offense for which evidence is offered.").  These two elements may be established by certified copies of a judgment and a sentence,

including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant. *See Vessels v. State*, 432 S.W.2d 108, 117 (Tex. Crim. App. 1968) (op. on reh'g).

There is no required "mode of proof," however, for the two elements; the State may prove them in a number of different ways. *Flowers*, 220 S.W.3d at 921–22 ("Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction."). In proving the elements, the State may use "[a]ny type of evidence, documentary or testimonial." *Id.* at 922; *see Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). Finally, the factfinder looks at the totality of the admitted evidence to determine whether there was a previous conviction and whether the defendant was the person convicted. *Flowers*, 220 S.W.3d at 923; *see Ortiz v. State*, No. 02–07–00397–CR, 2008 WL 4602243, at *2 (Tex. App.—Fort Worth Oct. 16, 2008, pet. ref'd) (mem. op., not designated for publication).

Here, during the punishment phase, the State introduced documents relating to six previous convictions purported to be Jones's. Among the six, the State introduced, with supporting testimony, State's exhibit ten—evidence of a prior conviction bearing Jones's fingerprints, Jones's unique county identification ("CID") number, his date of birth, and a physical description. The State also introduced, to which Jones's attorney responded "no objection," State's exhibit eleven, a conviction which reflects Jones's full name and the conviction's

corresponding indictment. The corresponding indictment bears Jones's full name, date of birth, and the same CID number found on State's exhibit ten.

Concerning State's exhibit twelve, the State introduced a pen packet containing two prior convictions purported to be those of Jones. Included in the packet was a judgment bearing Jones's name and the same CID number found in State's exhibits ten and eleven. We hold that a rational factfinder could have found the evidence regarding State's exhibits ten and eleven sufficient to link Jones to the judgments found in State's exhibit twelve. *See Goode v. State*, No. 02–10–00465–CR, 2011 WL 4502333, at *1–2 (Tex. App.—Fort Worth Sept. 29, 2011, pet. ref'd) (mem. op., not designated for publication) ("Given that appellant's unique, nonrecycled CID appeared in relation to two Tarrant County convictions concerning a defendant with appellant's full name and birth date, we hold that a rational trier of fact could have found the evidence sufficient to link appellant to the two prior judgments submitted by the State."). We overrule Jones's first point.

## B. Sufficiency of the Evidence

In his second and third points, Jones argues that the evidence is insufficient to support the habitual offender allegation found in the indictment and that the evidence is insufficient to support his conviction for possession of a firearm by a felon.

### 1.    Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

### 2.    Habitual Offender

In his second point, Jones argues that the evidence is insufficient to support the habitual offender paragraph contained in the indictment. But Jones's argument is predicated on his first points having been sustained—that the trial court improperly admitted State's exhibit twelve in evidence. Because we have overruled Jones's first point, we also overrule his second point.

### 3.    Evidence Supporting Conviction

In his third point, Jones argues that the evidence is insufficient to sustain his conviction for unlawful possession of a firearm by a felon. Jones does not explain how the evidence is insufficient; rather, he summarily argues that "[t]he totality of the evidence clearly indicates that [he] did not possess a firearm as required to uphold his conviction for this offense." We disagree.

To prove unlawful possession of a firearm by a felon, the State is required to prove that the person (1) possessed a firearm (2) "after conviction and before the fifth anniversary of the person's release from confinement following

6

conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later." Tex. Penal Code Ann. § 46.04(a)(1) (West 2011). "[T]o support a conviction for possession of a firearm, the State must show (1) that the accused exercised actual care, control, or custody of the firearm, (2) that he was conscious of his connection with it, and (3) that he possessed the firearm knowingly or intentionally." *Nguyen v. State*, 54 S.W.3d 49, 52 (Tex. App.—Texarkana 2001, pet. ref'd).

In this case, two officers testified that they found Jones, seated in a car, with a firearm in his lap. Furthermore, a third officer testified that Jones did not deny that he possessed the gun, but rather claimed he had been "set up." In addition, Jones stipulated that he was in fact a felon at the time the officers found him seated in the vehicle. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have concluded that Jones possessed the firearm and that he possessed it within the statutorily applicable time. *See Ramirez v. State*, No. 02-10-00078-CR, 2011 WL 678742, at *1–2 (Tex. App.—Fort Worth Feb. 24, 2011, no pet.) (mem. op., not designated for publication) (holding that testimony of two police officers indicating that they discovered a gun in the area where they saw the defendant leaning down to put something on the ground provided sufficient evidence to support the defendant's conviction for being a felon in possession of a firearm); *see also*

7

*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.  We overrule Jones's third point.

## IV. CONCLUSION

Having overruled Jones's three points on appeal, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 30, 2012