02-11-060-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00060-CR

 

 


 
 
 Anthony Ray Jones
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 297th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Anthony Ray Jones appeals his conviction for unlawful possession of a firearm
by a felon.  In three points, Jones challenges the sufficiency of the evidence
to support his conviction and the habitual offender allegation contained in the
indictment.  We will affirm.

II.  Background

Peep-N-Tom’s
is an adult-entertainment establishment in Arlington, Texas.  It is located in
a high-crime area, and it has a license to sell alcohol.  Arlington police
officers Blaine Smith and Matt Johnson were foot-patrolling the area around
2:00 a.m. on May 11, 2009, when they saw a four-door vehicle with its
headlights and running lights on, parked adjacent to Peep-N-Tom’s.  Smith
noticed it was occupied.  As Smith approached the vehicle from the driver’s
side, he could see the vehicle was occupied “by one individual who had a black
handgun in plain view in his lap.”  Johnson saw the gun as well.  As Johnson
took “lethal cover” over Jones, Smith directed Jones to put his hands on the steering
wheel as he opened the car door.  Smith then took the pistol, handed it to
Johnson, and handcuffed and placed Jones under arrest.

          Smith
called in a second unit.  Officer Phillip Williams responded to the call and
arrived after Smith and Johnson had taken Jones into custody.  According to
Williams, Jones explained to him how the gun came to be in his lap:

[H]e stated that he
and his friend [were] inside of the club and they got into some type of verbal
altercation.  He said he got his keys from his friend and went outside to his
friend’s car so he could charge his cell phone.

 

He later stated that
when he got in there, he found a gun, placed the gun on his lap, and that’s
when [Smith and Johnson] came to the scene.  Then he also stated that he felt
like he may have been set up by his friend because he said as soon as he was in
the car, that [Smith and Johnson] arrived.

 

Williams
said that Jones had been drinking, that he was “rambling,” and that he had
offered up an explanation for having the gun in his lap without having been
questioned.  Jones stipulated that he had been convicted of felony possession
of a controlled substance on November 5, 2004.  The jury found Jones
guilty, and after a punishment hearing, the jury assessed punishment at 55
years’ confinement.  This appeal followed.

III.  Discussion

          A.      State’s
Exhibit Twelve

In
his first point, Jones argues that the trial court erred by overruling his
objection to the admission, during the punishment phase, of State’s exhibit
twelve.  Specifically, Jones argues that there is no evidence linking him to
the felony convictions found in State’s exhibit twelve, a pen packet, and that
it should not have been allowed into evidence to establish that he had been
convicted of the prior offenses detailed in the exhibit.  We disagree.

To
establish that a defendant has been convicted of a prior offense, the State
must prove beyond a reasonable doubt that (1) a prior conviction exists
and (2) the defendant is linked to that conviction.  Flowers v. State,
220 S.W.3d 919, 921 (Tex. Crim. App. 2007); Beck v. State, 719 S.W.2d
205, 210 (Tex. Crim. App. 1986) (“It is incumbent on the State to go forward
and show by independent evidence that the defendant is the person so previously
convicted.”); see also Timberlake v. State, 711 S.W.2d 50, 52 (Tex.
Crim. App. 1986) (“[T]he facts of each case must contain reliable evidence
showing that the defendant had been previously convicted of the offense for
which evidence is offered.”).  These two elements may be established by
certified copies of a judgment and a sentence, including fingerprints,
supported by expert testimony identifying them as identical with known prints
of the defendant.  See Vessels v. State, 432 S.W.2d 108, 117 (Tex. Crim.
App. 1968) (op. on reh’g).

There
is no required “mode of proof,” however, for the two elements; the State may
prove them in a number of different ways.  Flowers, 220 S.W.3d at 921–22
(“Just as there is more than one way to skin a cat, there is more than one way
to prove a prior conviction.”).  In proving the elements, the State may use
“[a]ny type of evidence, documentary or testimonial.” Id. at 922; see
Human v. State, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988).  Finally, the
factfinder looks at the totality of the admitted evidence to determine whether
there was a previous conviction and whether the defendant was the person
convicted.  Flowers, 220 S.W.3d at 923; see Ortiz v. State, No.
02–07–00397–CR, 2008 WL 4602243, at *2 (Tex. App.—Fort Worth Oct. 16,
2008, pet. ref’d) (mem. op., not designated for publication).

Here,
during the punishment phase, the State introduced documents relating to six
previous convictions purported to be Jones’s.  Among the six, the State
introduced, with supporting testimony, State’s exhibit ten—evidence of a prior
conviction bearing Jones’s fingerprints, Jones’s unique county identification (“CID”)
number, his date of birth, and a physical description.  The State also
introduced, to which Jones’s attorney responded “no objection,” State’s exhibit
eleven, a conviction which reflects Jones’s full name and the conviction’s
corresponding indictment.  The corresponding indictment bears Jones’s full
name, date of birth, and the same CID number found on State’s exhibit ten.

Concerning
State’s exhibit twelve, the State introduced a pen packet containing two prior
convictions purported to be those of Jones.  Included in the packet was a
judgment bearing Jones’s name and the same CID number found in State’s exhibits
ten and eleven.  We hold that a rational factfinder could have found the
evidence regarding State’s exhibits ten and eleven sufficient to link Jones to
the judgments found in State’s exhibit twelve.  See Goode v. State, No. 02–10–00465–CR,
2011 WL 4502333, at *1–2 (Tex. App.—Fort Worth Sept. 29, 2011, pet. ref’d)
(mem. op., not designated for publication) (“Given that appellant's unique,
nonrecycled CID appeared in relation to two Tarrant County convictions
concerning a defendant with appellant's full name and birth date, we hold that
a rational trier of fact could have found the evidence sufficient to link
appellant to the two prior judgments submitted by the State.”).  We overrule
Jones’s first point.

B.      Sufficiency
of the Evidence

In
his second and third points, Jones argues that the evidence is insufficient to
support the habitual offender allegation found in the indictment and that the
evidence is insufficient to support his conviction for possession of a firearm
by a felon.

1.       Standard of Review

In our due-process review of the sufficiency
of the evidence to support a conviction, we view all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789 (1979); Isassi v. State, 330 S.W.3d 633, 638 (Tex. Crim. App.
2010).

                   2.       Habitual
Offender

          In
his second point, Jones argues that the evidence is insufficient to support the
habitual offender paragraph contained in the indictment.  But Jones’s argument
is predicated on his first points having been sustained—that the trial court
improperly admitted State’s exhibit twelve in evidence.  Because we have
overruled Jones’s first point, we also overrule his second point.

3.       Evidence Supporting Conviction

          In
his third point, Jones argues that the evidence is insufficient to sustain his
conviction for unlawful possession of a firearm by a felon.  Jones does not
explain how the evidence is insufficient; rather, he summarily argues that “[t]he
totality of the evidence clearly indicates that [he] did not possess a firearm
as required to uphold his conviction for this offense.”  We disagree.

          To
prove unlawful possession of a firearm by a felon, the State is required to
prove that the person (1) possessed a firearm (2) “after conviction
and before the fifth anniversary of the person’s release from confinement
following conviction of the felony or the person’s release from supervision
under community supervision, parole, or mandatory supervision, whichever date
is later.”  Tex. Penal Code Ann. § 46.04(a)(1) (West 2011).  “[T]o support
a conviction for possession of a firearm, the State must show (1) that the
accused exercised actual care, control, or custody of the firearm, (2) that
he was conscious of his connection with it, and (3) that he possessed the
firearm knowingly or intentionally.”  Nguyen v. State, 54 S.W.3d 49, 52
(Tex. App.—Texarkana 2001, pet. ref’d).

          In
this case, two officers testified that they found Jones, seated in a car, with
a firearm in his lap.  Furthermore, a third officer testified that Jones did
not deny that he possessed the gun, but rather claimed he had been “set up.”  In
addition, Jones stipulated that he was in fact a felon at the time the officers
found him seated in the vehicle.  Viewing the evidence in the light most
favorable to the jury’s verdict, we conclude that a rational trier of fact
could have concluded that Jones possessed the firearm and that he possessed it
within the statutorily applicable time.  See Ramirez v. State, No.
02-10-00078-CR, 2011 WL 678742, at *1–2 (Tex. App.—Fort Worth Feb. 24,
2011, no pet.) (mem. op., not designated for publication) (holding that testimony
of two police officers indicating that they discovered a gun in the area where
they saw the defendant leaning down to put something on the ground provided
sufficient evidence to support the defendant’s conviction for being a felon in
possession of a firearm); see also Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Clayton, 235 S.W.3d at 778.  We overrule Jones’s third point.

IV.  Conclusion

          Having
overruled Jones’s three points on appeal, we affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
MCCOY,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 30, 2012









[1]See Tex. R. App. P. 47.4.