ACCEPTED
06-15-00117-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/19/2015 3:17:03 PM
DEBBIE AUTREY
CLERK

NO. 06-15-00117-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/19/2015 3:17:03 PM
DEBBIE AUTREY
Clerk

IN THE
COURT OF APPEALS
FOR THE
SIXTH APPELLATE DISTRICT
OF
TEXAS
AT TEXARKANA

JOSEPH LEO STREHL, III,
APPELLANT

VS.

THE STATE OF TEXAS,

Appeal from the 4th Judicial District Court of Rusk County, Texas
Trial Cause No. CR15-075

BRIEF FOR
THE STATE OF TEXAS

Modesto E. Rosales
Asst. District Attorney
115 N. Main, Suite 302
Henderson, Texas 75652
P: 903-657-2265
F: 903-657-0329
mrosales@co.rusk.tx.us
SBN: 24076840
Attorney for the State

NO. 06-15-00117-CR


JOSEPH LEO STREHL, III

Appellant

VS

THE STATE OF TEXAS

---

IDENTITY OF PARTIES AND COUNSEL

Pursuant to T.R.A.P. 38.1(a)

---

| | | |
|---|---|---|
| Appellant: | JOSEPH LEO STREHL, III<br>Inmate # 02012399 | JOE F GURNEY -TDCJ<br>Palestine, TX 75803 |
| Appellant's<br>Trial Counsel | JEFF SANDERS<br>Attorney at Law | 120 S Broadway Ave<br>Tyler, TX 75702 |
| State's<br>Trial Counsel | ZACK WAVRUSA<br>Asst. County/District Attorney | 115 N. Main, Suite 302<br>Henderson, TX 75652 |
| Trial Judge | HON. CLAY GOSSETT<br>Presiding Judge | 115 N. Main, Suite 303<br>Henderson, TX 75652 |
| Appellant's<br>Appellate Counsel | JEFF SANDERS<br>Attorney at Law | 120 S Broadway Ave<br>Tyler, TX 75702 |
| State's Counsel | MODESTO E. ROSALES<br>Asst. District Attorney | 115 N. Main, Suite 302<br>Henderson, TX 75652 |

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL.............................................................i

TABLE OF CONTENTS ........................................................................ ii

INDEX OF AUTHORITIES ................................................................... iii

STATEMENT OF THE CASE ...........................................................1–2

ISSUES PRESENTED .............................................................................2

> 1. Whether there was sufficient legal evidence for the trial court to admit into evidence Appellant's prior conviction of the offense of Driving While Intoxicated, State's Exhibit Six, for jurisdictional purposes.
>
> 2. Whether Appellant properly preserved, for appeal, his objection to the introduction into evidence testimony regarding Appellant's traffic stop.
>
> 3. If properly preserved, whether the court abused its discretion.

STATEMENT OF THE FACTS.......................................................2–4

SUMMARY OF THE ARGUMENT.................................................4–5

ARGUMENT AND AUTHORITIES ...............................................5–15

      ISSUE ONE......................................................................5–9

      ISSUE TWO...................................................................10–12

      ISSUE THREE ..............................................................12–15

CONCLUSION ........................................................................15

PRAYER .................................................................................15

CERTIFICATE OF SERVICE.................................................16

CERTIFICATE OF COMPLIANCE ...................................... 16

# INDEX OF AUTHORITIES

CASES                                                    PAGE

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).........................6

*Brother v. State*, 85 S.W.3d 377 (Tex. App.—Fort Worth 2002)............13

*Davis v. State*, 947 S.W.2d 240 (Tex. Crim. App. 1997).........................13

*Flowers v. State*, 220 S.W.3d 919 (Tex. Crim. App. 2007)....................5–8

*Garcia v. State*, 43 S.W.3d 527 (Tex. Crim. App. 2001).........................13

*Garza v. State*, 126 S.W.3d 79 (Tex. Crim. App. 2004).........................12

*Grotti v. State*, 273 S.W.3d 273 (Tex. Crim. App. 2008).........................7

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007).......................7, 9

*Jackson v. Virginia*, 443 U.S. 307 (1979).........................................6, 7, 9

*James v. State*, 102 S.W.3d 162 (Tex. App.— Fort Worth 2003)............14

*Lagrone v. State*, 942 S.W.2d 602 (Tex. Crim. App. 1997) ...................10

*Moraguez v. State*, 701 S.W.2d 902 (Tex. Crim. App. 1986)..................10

*Pipkin v. State*, 114 S.W.3d 649 (Tex. App.—Fort Worth 2003)............14

*Richard v. State*, 2013 Tex. App. LEXIS 15119, *1 (Tex. App.—Texarkana Dec. 17, 2013).........................................................................................9

*State v. Sailo*, 910 S.W.2d 184 (Tex. App.—Fort Worth 1995)..............13

*Terry v. Ohio*, 392 U.S. 1(1968).........................................................13

*Thomas v. State*, 884 S.W.2d 215 (Tex. App.—El Paso 1994) .........11, 12

*Timberlake v. State*, 711 S.W.2d 50 (Tex. Crim. App. 1986)..................5

*United States v. Sokolow*, 490 U.S. 1(1989) ......................................13

*Vessels v. State*, 432 S.W.2d 108 (Tex. Crim. App. 1968).......................6

*Villarreal v. State*, 286 S.W.3d 321 (Tex. Crim. App. 2009) .....................7

*Woods v. State*, 956 S.W.2d 33 (Tex. Crim. App. 1997) .........................13

STATUTES                                                                PAGE

TEX. EVID. R. 103 ...................................................................10

TEX. PENAL CODE § 49.09(b)..................................................5

TEX. R. APP. P. RULE 33.........................................................10

NO. 06-15-00117-CR

IN THE
COURT OF APPEALS
FOR THE
SIXTH APPELLATE DISTRICT
OF
TEXAS
AT TEXARKANA

JOSEPH LEO STREHL, III,
APPELLANT

VS.

THE STATE OF TEXAS,

Appeal from the 4th Judicial District Court of Rusk County, Texas
Trial Cause No. CR15-075

BRIEF FOR
THE STATE OF TEXAS

TO THE HONORABLE SIXTH COURT OF APPEALS – TEXARKANA:

The State of Texas, Appellee, files this Brief in response to the Brief for

Appellant filed by Joseph Leo Strehl, III, and shows the Court the following:

**STATEMENT OF THE CASE**

The Appellant, Joseph Leo Strehl, III, was charged by indictment with the

offense of DWI 3rd or more, a third degree felony. RR. Vol. 3, P. 10–11. On June

1

16, 2015 a jury of twelve properly qualified jurors found the Appellant, Joseph Leo Strehl, III, guilty of the offense of DWI third or more, a third degree felony. R.R. Vol. 3, P. 139. After receiving the proper charge and hearing punishment evidence, the jury returned to the court a verdict with a sentence of eighteen (18) years confinement in the Institutional Division of the Texas Department of Criminal Justice and a $7,000 fine after finding the allegations of the State's *Brooks* notice to be true. R.R. Vol. 4, PP. 25–26. The present appeal followed.

## ISSUES PRESENTED

1. Whether there was sufficient legal evidence for the jury to consider Appellant's prior conviction of the offense of Driving While Intoxicated, State's Exhibit Six, for jurisdictional purposes.

2. Whether Appellant properly preserved, for appeal, his objection to the introduction into evidence testimony regarding Appellant's traffic stop.

3. If properly preserved, whether the Court abused its discretion in denying Appellant's motion.

## STATEMENT OF THE FACTS

On the morning of August 25, 2014, truck driver Scott Lake was at the Henderson Depot getting fuel when he noticed a man who smelled of alcohol asking how to get to Lowe's Home Improvement Store (Lowe's). RR. Vol. 3 PP. 17–18. Mr. Lake testified that he gave the man directions and then observed the

2

man enter his vehicle and then perform an unnecessary, unsafe turn-around in the middle of the highway. RR. Vol. 3 PP. 18–19. Mr. Lake called the police, identifying himself, and described a man who reeked of alcohol driving a white Peterbilt truck with the letters "SAT Trucking" on the door with a flatbed hauling concrete headed toward Lowe's. RR. Vol. 5. P. 2, State's Exhibit 1; RR. Vol. 3, P.21.

On August 25, 2014, Henderson Police Officer Josiah Lemelin responded to a call from dispatch about a possible drunk driver in a white Peterbilt truck traveling towards Lowe's. RR. Vol. 3, P. 29. Officer Lemelin testified that he located the vehicle that the caller had described to the dispatcher. *Id.* Officer Lemelin observed two trucks in that area; he checked both vehicles and determined the truck heading north was not a Peterbilt. RR. Vol. 3, P. 55. Once officer Lemelin identified Appellant's vehicle he also observed it weave in the lane headed in the direction of Lowe's. RR. Vol. 3, P. 29–30, 56. After the white Peterbilt pulled over in the Lowe's parking lot, Officer Lemelin identified Appellant as the driver and performed the standardized field sobriety tests, which Appellant failed. RR. Vol. 3, PP. 31–5. Appellant was then arrested for DWI. *Id.*

At trial, the State introduced two certified prior convictions from Johnson County, Texas. RR. Vol. 3, PP. 104–8; RR Vol. 5, State's Exhibits 5–6. Retired Rusk County DA's Investigator William Brown testified as a fingerprint expert in

3

relation to the finger prints found on the judgment of conviction on State's Exhibit 5 styled The State of Texas v. Joseph Leo Strehl, III in the County Court at Law No. 2 of Johnson County. RR. Vol. 3, PP. 100–06. Investigator Brown concluded that the fingerprints on State's Exhibit 5 matched the finger print on the Tens Card that investigator Brown took of Appellant. RR. Vol 3, P. 106; *see also* State's Exhibit 4. The State then admitted State's Exhibit 6; a judgment of conviction for a felony grade offense of DWI styled "The State of Texas v. Joseph Leo Strehl, III" in the 18th Judicial District Court of Johnson County, Texas. RR. Vol. 3 P. 109; State's Exhibit 6.

## SUMMARY OF THE ARGUMENT

The State proved (and Appellant does not refute) that State's Exhibit 5 contains the judgment of conviction of Appellant, Joseph Leo Strehl, III, for the misdemeanor offense of DWI from Johnson County, Texas. Based on Appellant's unique name and similar type offense occurring in the same county, a jury could reasonably infer that the Joseph Leo Strehl, III named in State's Exhibit 6 and Appellant are one in the same.

Appellant argues that Court committed reversible error by denying his motion to suppress evidence of Appellant's traffic stop. However, Appellant first moves to suppress evidence, before the Court, after the jury heard testimony of the

4

traffic stop and without objecting to same. Therefore, Appellant cannot now raise that issue on appeal.

Assuming *arguendo* that Appellant has preserved the second point of error, the trial court did not abuse its discretion as the police officer had enough facts given the totality of the circumstances to initiate a traffic stop.

## ARGUMENT AND AUTHORITIES

### I.
### THE JURY COULD REASONABLY INFER THAT THE JOSPEH LEO STREHL, III NAMED IN THE JUDGMENT OF CONVICTION INTRODUCED AS STATE'S EXHIBIT 6 WAS THE SAME JOSEPH LEO STREHL, III AT TRIAL.

**Applicable Law**

A person commits the offense of Driving While Intoxicated 3rd or more if the person is operating a motor vehicle in a public place while intoxicated and the Defendant has twice been convicted of the offense of DWI. TEX. PENAL CODE § 49.09(b).

To establish that a defendant has a prior conviction, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex.Crim. App. 2007); *see also Timberlake v. State*, 711 S.W.2d 50, 52 (Tex. Crim. App. 1986) ("[T]he facts of each case must contain reliable evidence showing that the defendant had been previously convicted of the offense for which evidence is

5

offered."). These two elements may be shown by certified copies of a judgment and a sentence. *See Vessels v. State*, 432 S.W.2d 108, 117 (Tex. Crim. App. 1968). There is no required mode of proof; the State may prove a prior conviction in a number of different ways. *Flowers*, 220 S.W.3d at 921–22 ("Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction."). In proving the elements, the State may use "[a]ny type of evidence, documentary or testimonial." *Id.* at 922; *see Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). The factfinder looks at the totality of the evidence to determine whether there was a previous conviction and whether the defendant was the person convicted. *Flowers*, 220 S.W.3d at 923.

In evaluating the legal sufficiency of the evidence, the reviewing court must look at all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the charged offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010)(*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Viewing the evidence "in the light most favorable to the verdict" under a legal-sufficiency standard means that the reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Jackson*, 443 U.S. at 319. Additionally, the reviewing court must defer to the responsibility

of the jury to "fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)(citing *Jackson*, 443 U.S. at 318-19).

When applying this analysis, the appellate court uses a "hypothetically correct" jury charge to evaluate the sufficiency of the evidence. *Grotti v. State*, 273 S.W.3d 273 (Tex. Crim. App. 2008). The hypothetically correct jury charge sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restricts the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Villarreal v. State*, 286 S.W.3d 321 (Tex. Crim. App. 2009).

**Analysis of the Law as Applied to the Facts Presented**

It is undisputed and the State proved through expert testimony that the thumbprint on the judgment of conviction in State's Exhibit 5 belonged to Appellant Joseph Leo Strehl, III. State's Exhibit 5 shows that Joseph Leo Strehl, III was convicted of a DWI in Johnson County, Texas. State's Exhibit 6 is a judgment of conviction of Joseph Leo Strehl, III in Johnson County for the offense of felony DWI.

In *Flowers*, the State used a Dallas County computer printout of Flowers's conviction record to establish that Flowers had a prior DWI conviction. *Flowers*, 220 S.W.3d at 923. The printout was corroborated by Flowers's Texas DPS

driver's license record. *Id.* at 921. Flowers challenged the use of the printout, stating that, because it was not a certified copy of a final judgment, the State could not prove that it referred to him. The court disagreed and stated that Texas law does not require that the existence of a prior conviction be proven in any specific manner. *Id.* at 922. The court stated, "Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction." *Id.*

Like the evidence in *Flowers* that the Jurors had to put together like a jigsaw puzzle, jurors in this case had several pieces of information in evidence to put together. First, Appellant's name is particularly unique. This was not a John Smith, a Joseph Strehl, or even a Joseph Leo Strehl; this was Joseph Leo Strehl, III. Joseph Leo Strehl, III was the named Defendant in both judgments of conviction in State's Exhibit 5 and 6 with no variation in spelling.

Next, the State's expert took fingerprints of Appellant and compared it to the thumbprints found on the judgment of conviction in State's Exhibit 5 and concluded Appellant was one in the same. The judgment in State's Exhibit 5 is a conviction for the offense of DWI from Johnson County, Texas. The jury then considered State's Exhibit 6, a judgment of conviction for felony DWI of Joseph Leo Strehl, III from Johnson County, Texas. The jury put all of these facts together and concluded that Appellant was the same person.

This Court upheld a conviction based on similar circumstances in *Richard v. State*, 2013 Tex. App. LEXIS 15119, *16, 2013 WL 6669388 (Tex. App. Texarkana Dec. 17, 2013):

> To establish the second enhancement allegation, the State introduced a Louisiana pen packet containing a 1978 judgment for burglary of a building, committed in Jefferson Parish, against "Johnny R. Richard." The judgment recites that Richard provided his date of birth as "12-14-56." Given that this offense was committed in the same parish as the 1981 conviction by a person with the same date of birth and same first name, middle initial, and last name as Richard's, it would be unlikely that this offense was committed by someone else.

Again, given that State's Exhibit 6 in this case recites that offense was committed in the same county as the earlier conviction by a person with the same first name, middle name, last name, and suffix (III), it would be unlikely that this offense was committed by someone else. These are the kinds of pieces of the jigsaw puzzle we entrust the jurors to weigh and determine.

The Appellant in this case is asking this Court to invade the province of the jury. But it is incumbent upon this Court to defer to the responsibility of the jury "to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts" and uphold the jury's decision. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)(citing *Jackson*, 443 U.S. at 318–19).

## II.

**APPELLANT HAS NOT PROPERLY PRESERVED HIS MOTION TO SUPRESS AS HE FIRST MOVES TO SUPPRESS EVIDENCE, BEFORE THE COURT, AFTER THE JURY HEARD TESTIMONY OF THE TRAFFIC STOP AND WITHOUT OBJECTING TO SAME. THEREFORE, APPELLANT FAILED TO PROPERLY PRESERVE ANY ERROR**

**Applicable Law**

"A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and: (1) if the ruling admits evidence, a party, on the record: (A) *timely* objects or moves to strike; and (B) states the specific ground . . . ." TEX. EVID. R. 103 (emphasis added); *see* TEX. R. APP. P. RULE 33. An objection is timely when made as soon as the ground for objection becomes apparent. *Lagrone v. State*, 942 S.W.2d 602, 618, (Tex. Crim. App. 1997) cert. denied, 522 U.S. 917, 139 L. Ed. 2d 235, 118 S. Ct. 305 (1997). "If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived." *Id.* Further, a defendant who states he has no objection to the admission of evidence sought to be suppressed has waived any complaint over the admission. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986).

**Analysis of the Law as Applied to the Facts Presented**

Appellant complains about evidence related to the traffic stop for the first time after the officer was direct-examined by the State and cross-examined by Appellant. RR. Vol. 3, PP. 27–81. By that time, the jury had been presented with testimony from the independent fact witness, testimony from the officer initiating the traffic stop, and the video from the officer's patrol unit. At no time during the officer's testimony did Appellant object to the introduction of any evidence or conduct a hearing outside the presence of the jury to suppress any evidence.

The procedural history in this case is substantially similar to the procedural history in *Thomas v. State*, 884 S.W.2d 215 (Tex. App.—El Paso 1994 pet. ref'd). In *Thomas*, Appellant appealed from a conviction for possession of cocaine for which he was sentenced to 25 years in prison. *Id.* at 216. Appellant in *Thomas* contended that the trial court erred in failing to suppress the fruits of an illegal arrest and search of his person. *Id.* However, Appellant in *Thomas* "did not obtain a hearing or ruling upon his motion to suppress before trial, and he agreed that the motion to suppress could be carried over to trial and raised by objection at the appropriate time." *Id.* The record in *Thomas* reflected that Appellant did not object to any evidence until after two police officers testified, to the jury, extensively as to the evidenced gathered. *Id.* The Court in *Thomas* found that Appellant "failed to object at the earliest opportunity, and by so doing, waived error." *Id.* at 217 (internal citations omitted).

In *Garza v. State*, 126 S.W.3d 79 (Tex. Crim. App. 2004), the Court of Criminal Appeals carved out one specialized exception to this general rule. In *Garza*, the trial Judge made specific comments prior to trial about his intention to not take up the motion to suppress until the jury had heard the complained of evidence; it essentially made the Appellant wait until after the complained about evidence was presented to the jury before being able to object and move to suppress the evidence. *Id.* at 83–85. The Court found that "the special instructions by the judge were such that appellant preserved error by seeking a ruling after the officers' and expert's testimony had been given." *Id.* The Court in *Garza* made clear that their holding was "not meant to apply in situations outside the special circumstances of [that] case." *Id.*

In this case, Appellant filed a motion to suppress and decided to carry it through trial. RR. Vol. 3, P. 6. Like Appellant in *Thomas*, Appellant in this case did not object to any evidence, testimonial or otherwise, or urge the motion to suppress until after the jury heard the complained of evidence. And unlike the trial judge in *Garza*, the judge in this case did not make any comments that would have precluded Appellant from lodging objections at the earliest opportunity. Therefore, the Appellant has waived any point of error on this issue.

## III.

**ASSUMING *ARGUENDO* THAT APPELLANT PRESERVED ERROR ON THE MOTION TO SUPPRESS, IT IS CLEAR THAT THE TRIAL COURT**

**DID NOT ABUSE ITS DISCRETION AS THE POLICE OFFICER HAD ENOUGH FACTS GIVEN THE TOTALITY OF THE CIRCUMSTANCES TO INITIATE A TRAFFIC STOP.**

**Applicable Law**

A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity "may be afoot," even if the officer lacks probable cause. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884, 20 L. Ed. 2d 889 (1968); *Brother v. State*, 85 S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, no pet.). While reasonable suspicion is a less demanding standard than probable cause, the Fourth Amendment requires at least a minimal level of objective justification for making the stop. *United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585, 104 L. Ed. 2d 1 (1989). The justification for making the stop must amount to more than a mere hunch or suspicion. *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged in, or is or soon will be engaging in, illegal conduct. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

The reasonableness of a given detention will turn on the totality of the circumstances in that particular case. *Woods v. State*, 956 S.W.2d 33, 38 (Tex.

13

Crim. App. 1997); *State v. Sailo*, 910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1995, pet ref'd). The court's review is not limited to the violations officers list in making the stop. *See James v. State*, 102 S.W.3d 162, 172 (Tex. App.—Fort Worth 2003). Rather, the test is whether the articulated facts about which the officer testified would, in light of the officer's experience and personal knowledge, together with inferences from those facts, warrant a reasonable person to believe that a violation had occurred. *Pipkin v. State*, 114 S.W.3d 649, 653-54 (Tex. App.—Fort Worth 2003, no pet.).

**Analysis of the Law as Applied to the Facts Presented**

In *Pipkin v. State*, the officer testified that he was patrolling the area when he received the call from dispatch advising him about an erratic driver on the freeway. *Id.* at 653. The officer testified that dispatch relayed to him information provided by a civilian. *Id.* The officer then saw a dark blue Dodge Durango identified by the civilian witness and initiated a traffic stop. *See Id.*

Here, like the citizen-eyewitness in *Pipkins*, Scott Lake reported to the 911 dispatcher a detailed description of appellant's vehicle, its location, as well as the concerning driving behavior he witnessed. Lake also gave the 911 dispatcher his name and testified at trial. Relying on the information Lake gave the dispatcher, officer Lemelin was able to locate and identify Appellant's truck. Following Appellant's truck, Lemelin confirmed enough facts to reasonably conclude that the

14

information given by Lake and relayed to him by the 911 dispatcher was reliable. Those facts, together with his own observations of Appellant's vehicle, provided the officer with reasonable suspicion that Appellant was engaged in criminal activity, i.e., driving while intoxicated.

## CONCLUSION

Appellant, Joseph Leo Strehl, III was properly convicted of the offense of DWI 3rd or more. The Jury was able to use State's Exhibit 5 and 6 to fit the puzzle pieces together to conclude that Appellant was twice before convicted of DWI.

Appellant wishes to appeal a point of error that was not properly preserved. Even if it had been properly preserved, there was no error in the judge admitting the testimony and evidence of the traffic stop because the officer had reasonable suspicion that Appellant was operating a motor vehicle while intoxicated.

## PRAYER

The State of Texas prays that the jury verdict in this case be affirmed. The State prays that Appellant be denied the relief requested.

Respectfully submitted,

/s/ Modesto E. Rosales
Modesto E. Rosales
Asst. District Attorney
SBN: 24076840
115 N. Main, Suite 302
Henderson, TX 75652
P: 903-657-2265
F: 903-657-0329
mrosales@co.rusk.tx.us
ATTORNEY FOR THE STATE

## CERTIFICATE OF SERVICE

A copy of this brief was mailed to Jeff Sanders, Attorney at Law, 120 S Broadway Ave., Tyler, TX 75702, on the __19th__ day of November, 2015.

/s/ Modesto E. Rosales
Modesto E. Rosales

## CERTIFICATE OF COMPLIANCE

This brief complies with the requirements of Tex. R. App. P. 9.4 with respect to the number of words. According to the word counter in Microsoft Word, the total number of words in this document is __4,164__.

/s/ Modesto E. Rosales
Modesto E. Rosales

16